**INDEPENDENT BANKERS ASSOCIATION OF AMERICA, and Western Independent Bankers, Appellants,**

**v.**

**BOARD OF GOVERNORS OF the FEDERAL RESERVE SYSTEM.**

**No. 73-1420.**

United States Court of Appeals, District of Columbia Circuit.

Argued June 4, 1974.

Decided June 28, 1974.

---

Peter B. Work, Washington, D.C., with whom James F. Bell, Washington, D.C., was on the brief, for appellants.

Regina C. McGranery, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty. at the time the brief was filed, John A. Terry and Robert M. Werdig, Jr., Asst. U. S. Attys., were on the brief, for appellee. Earl J. Silbert, U. S. Atty., also entered an appearance for appellee.

Before BAZELON, Chief Judge, and TAMM and LEVENTHAL, Circuit Judges.

PER CURIAM:

At issue in this case is the validity of Regulation J, adopted by the Board of Governors of the Federal Reserve System on June 21, 1972. This new rule re-

quired that all checks cleared through the Federal Reserve System be paid immediately, and it applied to all users of the System's check cashing service, whether or not members of the System. Prior to this action, only checks cashed by banks within the forty-six cities in which the Federal Reserve has offices were collectible at once. This arrangement gave "country" banks a float, in essence an interest free loan during the period between when the checks were presented by the Federal Reserve for payment and when they were finally collected from the bank. The elimination of that float, which amounts to $2 billion per day nationwide, Joint Appendix 98, prompts this protest of the Indepent Bankers, who claim that the action of the Board of Governors in approving Regulation J arbitrarily discriminates against nonmember banks.

■■■ The Board of Governors asserts that this court has no authority to review its action in adopting Regulation J, as the establishment and operation of the check clearing apparatus has been committed by Congress wholly to its discretion. We follow Abbott Laboratories v. Gardner, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), however, in requiring that non-reviewability must be established by a clear showing of Congressional intent to preclude review. The use of permissive language, "may" in this case, is not sufficient. Environmental Defense Fund, Inc. v. Hardin, 138 U.S.App.D.C. 391, 396, 428 F.2d 1093, 1098 (1970). We have therefore treated the rule as reviewable under the standard laid down in 5 U.S.C. § 551.

■■ The Federal Reserve Board was authorized by Congress and has undertaken to provide a national check clearing service available to both member and nonmember banks. 12 U.S.C. § 347. Having done so, it is under a responsibility to nonmember banks not to unreasonably jeopardize or prejudice their operations by alterations in the way the service is administered. That nonmembers can choose not to use this service if they wish does not relieve the Board of this obligation, particularly as there remains no comparable alternative in terms of speed and efficiency.

■■ Having said this, however, we find that the Federal Reserve Board did adequately take into account the impact of its actions on nonmember banks. After announcing its proposal that immediate payment be made universal in the interests of accommodating the long term needs of the system, the Board reviewed letters from both member and nonmember banks concerning the impact which such a move would have on their financial condition. On the basis of these submissions, the Board concluded that "there would be only rare instances, if any, in which a bank's ability to serve its community would be substantially impaired." Joint Appendix 104. Nor did the Board stop there. It authorized the Federal Reserve to make loans to nonmember banks which might be affected by the action "on substantially the same terms as such funds would be made available to member banks . . ." Joint Appendix 106. The Independent Bankers complain that nonmember banks were not treated fairly, as they were not granted other concessions which were made to member banks, such as a lowering of reserve limits. Quite aside from the fact that the Federal Reserve has no power to lower the reserve requirements of nonmember banks, which are established by state law, we do not see the duty of the Board as requiring treatment of nonmember banks which is in all respects identical to that accorded member banks.

For these reasons, we conclude that the Board of Governor's action in promulgating Regulation J was not arbitrary and capricious nor an abuse of discretion, and the District Court's order granting summary judgment to defendant-appellee is hereby affirmed.