**APPLIANCE BUYERS CREDIT CORPORATION, a Delaware Corporation, Plaintiff,**

v.

**PROSPECT NATIONAL BANK OF PEORIA, a National Banking Corporation, and Federal Reserve Bank of Chicago, Defendants.**

No. 80–1056.

United States District Court, C. D. Illinois.

Jan. 15, 1981.

Robert D. Jackson and David R. Aplington, Peoria, Ill., John F. McClure, Chicago, Ill., for plaintiff.

Charles G. Roth, Peoria, Ill., Patricia A. Tauchert, Legal Dept., Federal Reserve Bank of Chicago, Chicago, Ill., for defendants.

### DECISION AND ORDER ON MOTIONS TO DISMISS

ROBERT D. MORGAN, Chief Judge.

Plaintiff filed this action seeking damages for alleged negligence in the handling for collection of two checks it deposited with defendant Prospect National Bank (PNB). Count I of the Amended Complaint alleges direct negligence on the part of PNB. Count II alleges direct negligence on the part of defendant Federal Reserve Bank of Chicago (FRBC). Count III alleges

imputed negligence against defendant PNB. Defendant PNB has filed a cross-claim against defendant FRBC alleging direct negligence. Now pending are motions to dismiss Counts II and III and the cross-claim. All parties have briefed the motions, and pursuant to Local Rule 12(b), the court finds that oral arguments on the motions are not necessary. For the reasons developed herein, the motions to dismiss Counts II and III must be allowed, and the motion to dismiss the cross-claim will be denied.

Both defendants are banking institutions. Plaintiff is a depositor of PNB. The two checks in question were deposited by plaintiff with PNB, which sent the checks, through regular banking channels, to FRBC for collection. They were returned unpaid. Plaintiff alleges that negligence in the handling of the checks and the notification process caused it damage.

Defendant FRBC is a Federal Reserve bank whose banking operations are governed by Regulation J, 12 C.F.R. § 201 et seq. (1980). 12 C.F.R. § 210.6(a) states in relevant part:

"A Federal Reserve bank will act only as the agent of the sender in respect of each cash item or noncash item received by it from the sender, .... A Federal Reserve bank will not act as the agent or subagent of any owner or holder of any such item other than the sender...."

■ Plaintiff is not a "sender" as defined in 12 C.F.R. § 210.2(e). It is clear the intent of that regulation is to limit liability of a Federal Reserve bank, so as to exclude all remote parties, such as a depositor of a sending bank, from obtaining damages directly from a Federal Reserve bank for its negligence in collection.

■ Plaintiff argues that there is a conflict between 12 C.F.R. § 210 and § 4–202(3) of the Illinois Commercial Code. The court can find no such conflict. Section 4–103 of the Illinois Commercial Code (Ill.Rev.Stat. ch. 26) states in relevant part:

"(1) The effect of the provisions of this Article may be varied by agreement....
(2) Federal Reserve regulations and oper-

ating letters, clearinghouse rules, and the like, have the effect of agreements under subsection (1), whether or not specifically assented to by all parties interested in items handled."

By its own terms, the Illinois Code is modified by Federal Reserve regulations. Therefore, the rights and duties of the parties with respect to defendant FRBC are defined by 12 C.F.R. § 210.6(a), and under that section FRBC owes no duty to plaintiff in this case. Count II of the Amended Complaint must be dismissed.

As to Count III, the allegations are directed toward defendant PNB. Plaintiff seeks to hold PNB as the agent of FRBC and liable for FRBC's alleged negligence in this matter. The banking operations of PNB are governed in this respect by the Illinois Commercial Code. Plaintiff's complaint states an action between a bank and its depositor. The duty of a bank in this situation is governed by Ill.Rev.Stat. ch. 26, § 4–202(3), which states in relevant part:

"Subject to subsection (1)(a) [which deals with using ordinary care in selecting a collecting bank and transmittal to it] a bank is not liable for the insolvency, neglect, misconduct, mistake or default of another bank or person or for loss or destruction of an item in transit or in the possession of others."

■ Clearly, this section limits the liability of a bank to its customer to its own negligence. Any relationship or duty between the bank and its depositor ends when the bank properly transmits the item to a collecting bank. Since Count III charges PNB with the alleged negligence of FRBC, Count III must be dismissed.

Defendant FRBC's motion to dismiss the cross-claim must be denied. As a matter of party alignment or designation, since FRBC is dismissed as a defendant, the claim of PNB must be considered a third-party claim under F.R.Civ.P. 14(a). Third-party plaintiff PNB alleges direct negligence on the part of third-party defendant FRBC. This claim is maintainable under Regulation J. The negligence so alleged is independent of any direct negligence plaintiff alleges

against defendant PNB. If defendant PNB is found negligent for breach of its duty to plaintiff, PNB may pursue any alleged breach of duty to it by FRBC and thereby seek to recover any damages it may be ordered to pay to plaintiff.

Accordingly, IT IS ORDERED that the motion by defendant Federal Reserve Bank of Chicago to dismiss Count II of the Amended Complaint is ALLOWED.

IT IS FURTHER ORDERED that the motion by defendant Prospect National Bank to dismiss Count III of the Amended Complaint is ALLOWED.

IT IS FURTHER ORDERED that the motion by defendant Federal Reserve Bank to dismiss the cross-claim is DENIED; that said claim is redesignated a third-party claim; that defendant Prospect National Bank is designated as Third-Party Plaintiff; and that the Federal Reserve Bank of Chicago is designated as Third-Party Defendant.