**NORTHBROOK TRUST & SAVINGS BANK, Plaintiff,**

v.

**PALOS BANK AND TRUST COMPANY et al., Defendants.**

No. 80 C 4594.

United States District Court, N. D. Illinois, E. D.

Jan. 21, 1981.

Robert M. Kamm, Kamm & Shapiro, Chicago, Ill., for plaintiff.

Patricia A. Tauchert, Federal Reserve Bank, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Plaintiff Northbrook Trust & Savings Bank ("Northbrook Bank") sues three defendants, including Federal Reserve Bank of Chicago ("Reserve Bank"), alleging the late return of a $4,635 check drawn on defendant Palos Bank and Trust Company and deposited by one of Northbrook Bank's customers in its checking account at Northbrook Bank. Reserve Bank removed Northbrook Bank's suit from the Circuit Court of Cook County to this Court and then moved for judgment on the pleadings. For the reasons stated in this memorandum opinion and order, that motion is denied.

It is difficult to determine which party is more at fault for the present posture of the

case, Northbrook Bank or Reserve Bank. Northbrook Bank's position on the ultimate merits is untenable as a matter of substantive law, while Reserve Bank's position on its motion is equally untenable as a procedural matter.

As for Northbrook Bank, there is no question that:

 (1) Federal law restricts liability of a Federal Reserve Bank to its immediate sender. Section 16 of the Federal Reserve Act, 12 U.S.C. § 360, and Regulation J thereunder, 12 C.F.R. §§ 210.2(e) and 210.-6(a) (1980); *Colonial Cadillac, Inc. v. Shawmut Merchants Bank, N. A.*, 488 F.Supp. 283, 285 (D.Mass.1980); *Dempster Plaza State Bank v. Valley Bank of Nevada*, No. 80 C 2611 (N.D. Ill. Sept. 23, 1980).

▆ (2) Such federal law preempts any inconsistent state law. *Colonial Cadillac,* 488 F.Supp. at 285–86. Thus if Northbrook Bank is not Reserve Bank's immediate sender (as it cannot be under the definition of Section 210.2(e) of Regulation J),[1] Reserve Bank cannot be liable to Northbrook Bank and must be dismissed from this action.

▆ As for Reserve Bank, however, there is equally no question that:

(1) Fed.R.Civ.P. 7(a) does not permit a reply by Northbrook Bank to Reserve Bank's answer (including its affirmative defense) except by court order, which has not been obtained. It certainly does not *require* a responsive pleading by Northbrook Bank.

(2) Fed.R.Civ.P. 8(d) therefore treats all averments of Reserve Bank's answer and affirmative defense as denied or avoided by Northbrook Bank.

(3) For purposes of Reserve Bank's motion for judgment on the pleadings, the Court is therefore left with the Complaint which states simply:

> Plaintiff [Northbrook Bank] placed said check into the collection process and on October 12, 1978 it was presented to Palos

for payment by The Federal Reserve Bank of Chicago ("Federal")

and with the controverted allegations of Reserve Bank's answer and affirmative defense.

Judgment on the pleadings must therefore be denied to Reserve Bank. However, given the apparent situation on the ultimate merits, the Court notifies the parties that if Northbrook Bank does not voluntarily dismiss this action as to Reserve Bank forthwith and if the facts are indeed as alleged in Reserve Bank's answer and affirmative defense and its answers to interrogatories, Northbrook Bank's attorneys may be regarded as having multiplied the proceedings in this case unreasonably and vexatiously (see 28 U.S.C. § 1927, as amended Sept. 12, 1980).

---

1. This Court is mindful that the facts in this respect have been given to Northbrook Bank by Reserve Bank's detailed answers to plaintiff's interrogatories.