Bill CHILDS, Plaintiff-Appellant,

v.

FEDERAL RESERVE BANK et al.,
Defendants-Appellees.

No. 82–1598.

United States Court of Appeals,
Fifth Circuit.

Nov. 18, 1983.

Rehearing and Rehearing En Banc
Denied Jan. 3, 1984.

Simon & Simon, Jeff R. Boggess, Fort Worth, Tex., for plaintiff-appellant.

Michael J. Broker, Legal Dept., Federal Reserve Bank of Dallas, William Arthur Tribble, Dallas, Tex., for Federal Reserve.

Colbert N. Coldwell, El Paso, Tex., for Continental Nat. Bank.

Edmund Glen Johnson, Fort Worth, Tex., for Bank of Commerce.

Before CLARK, Chief Judge, GEE and POLITZ, Circuit Judges.

PER CURIAM:

At issue in this appeal is the construction and effect of 12 C.F.R. § 210 *et seq.* ("Regulation J"). We are asked to decide whether the regulation affords immunity to Federal Reserve Banks from liability to the owner of a check that the bank has negligently handled in the collection process. The district court, in dismissing Childs's complaint of negligence against the Federal Reserve Bank of Dallas, held that a Federal Reserve Bank is liable only to its sender bank for negligence in collecting a check. We affirm.

The facts underlying this dispute are not contested. Appellant Childs placed a check payable to him in the amount of $200,000.00 in his checking account at the Bank of Commerce ("Commerce") in Fort Worth, Texas on December 13, 1980. That bank sent the check for collection through the Federal Reserve Bank of Dallas ("Reserve Bank") and the State National Bank of El Paso to the Continental National Bank of El Paso, the payor bank. On or after January 13, 1981, Childs drew various checks on his account at Commerce totaling approximately $200,000. On January 29, 1981, Commerce notified Childs that the payor bank had dishonored and returned for insufficient funds the $200,000 check, and that Childs would have to repay the $200,000 he had withdrawn from Commerce. Childs executed a promissory note to Commerce for $200,000, then sued all four banks involved in the collection process. Childs alleged causes of action under the Uniform Commercial Code and common law negligence principles for failure to give timely notice of return and for failure to make reasonable attempts to collect the $200,000.

In dismissing Childs's complaint for failing to state a claim against the Reserve Bank,[1] the district court held that Regulation J varies the provisions of the Uniform Commercial Code that establish a bank's liability to remote parties in the collection process. The court held in the alternative that the regulation preempts inconsistent portions of the Texas UCC.

The relevant portion of Regulation J states:

A Reserve Bank shall act only as the sender's agent in respect of an item.... A Reserve Bank shall not act as agent or subagent of an owner or holder of an item other than the sender. A Reserve Bank shall not have or assume any liability to the sender in respect to an item of its proceeds except for the Reserve Bank's own lack of good faith or failure to exercise ordinary care.

12 C.F.R. § 210.6(a)(1) (1981).

Section 210.2(c) defines a "sender" to include banks only; therefore, application of the regulation would preclude Childs from recovering from the Reserve Bank for negligence.

---

1. The district court also dismissed the claim against Commerce for lack of subject matter jurisdiction. Childs voluntarily dismissed the two El Paso banks from the action on April 1, 1982.

Childs argues that Regulation J does not alter or preempt the provisions of the Texas Business & Commerce Code ("Texas UCC") that establish the rights and duties of a "collecting bank."[2] Section 4.201 of the Texas U.C.C. provides that absent contrary intent, a collecting bank is "an agent or subagent of the owner of the item." Tex. Bus. & Comm.Code § 4.201 (Vernon's 1968).[3] Section 4.202 imposes a duty of ordinary care on collecting banks in "(a) presenting an item or sending it for presentment; and (b) sending notice of dishonor or nonpayment...." Section 4.103(a) provides that the Code provisions governing bank| deposits and collections can be varied by agreement, except that "no agreement can disclaim a bank's responsibility for its own lack of good faith or failure to exercise ordinary care..." Section 4.103(b) provides that Federal Reserve regulations operate as § 4.103(a) agreements whether or not assented to by all interested parties.

Childs contends that the express terms of Regulation J merely terminate the agency relationship between a reserve bank and a check owner that would exist by virtue of § 4.201, but do not affect the duty of care imposed by § 4.202. The basis of this argument is that a collecting bank's duty of due care exists independently of its agency status. We disagree.

■ Section 4.201 was drafted to supplant pre-Code law, which determined collection bank liability on the basis of whether variations in the form of endorsements created agency or owner status. The official comments to § 4.201 indicate that to avoid litigation on questions of status (which would resolve issues of rights and duties) the section creates a presumption of agency and seeks to state appropriate limits on the presumption. *Tex.Bus. & Comm. Code Ann.* § 4.201 Comments 1–6 (Vernon's 1968). Section 4.202's duty of ordinary care is defined in terms of types of actions un-

dertaken by collecting banks. § 4.202 and Comment 3. Similarly, § 1–203 prescribes a duty of good faith in the performance of all duties and agreements. The agency relationship established by § 4.201 is the only basis in the Code for determining to whom the duties imposed on collecting banks run. Once that agency relationship is severed, the duties are no longer owed. More simply stated, liability flows only from agency status. *Colonial Cadillac, Inc. v. Shawmut Merchants Bank,* 488 F.Supp. 283, 285 (D.Mass.1980); *see Citizens First Nat'l Bank v. Cinco Exploration Co.,* 540 S.W.2d 292, 295–96 (Tex.1976); J. Clark, H. Bailey, C.R. Young, Bank Deposits & Collections 182 (4th ed. 1972); B. Clark, The Law of Bank Deposits, Collections and Credit Cards 4–65 (rev. ed. 1981).

■ Regulation J severs the agency relationship between a reserve bank and the owner of an item in the collections process. The trial court correctly found that it does so in accordance with the express provisions of § 4.103(a) & (b). *Accord Appliance Buyers Credit Corp. v. Prospect National Bank of Peoria,* 505 F.Supp. 163, 164 (C.D.Ill. 1981); *see also* J. Clarke, H. Bailey, C.R. Young, Bank Deposits and Collections 182 (4th ed. 1972). In varying § 4.103, the regulation does not run afoul of that section's prohibition of disclaimers of a bank's duties of good faith and ordinary care. The proper interpretation of § 4.103(a) is that if a bank is an agent of a party, it cannot disclaim its duties of good faith and ordinary care to that party. If it is not an agent of a party, it does not owe any duties to that party, and a disclaimer would be superfluous.

Childs argues that if Regulation J operates to immunize reserve banks from liability to owners, it does so in absence of statutory authority, or in the exercise of an invalid delegation of authority. 12 U.S.C.A. § 248(i) (1945) authorizes the Board of Governors of the Federal Reserve System

---

**2.** A "collecting bank" is "any bank handling an item for collection" except the bank at which the item is payable. Tex.Bus. & Comm.Code § 4.105 (Vernon's 1968).

**3.** All section references hereafter are to Vernon's Texas Business & Commerce Code.

to make "all rules and regulations necessary" to enable the board to perform its "duties, functions or services." Regulation J is a lawful exercise of that authority, as it enables the federal reserve system to perform its check collection and clearinghouse functions prescribed in 12 U.S.C. §§ 342 (Supp.1981) and 12 U.S.C. §§ 248(o), 360 (Supp.1981).

■ We find no support for Childs's position that the regulation is the result of an invalid delegation of Congressional authority. Congress authorized the Board of Governors to empower Federal Reserve Banks to exercise the functions of clearinghouses and check collectors in order to carry out the Congressional policy of establishing a nationwide system of check clearing and collecting. *Independent Bankers Ass'n v. Board of Governors of the Federal Reserve System,* 500 F.2d 812, 814 (D.C.Cir.1974). Congress's delegation to the Board of rule-making authority permits the Board to fill in the details under the general statutory provisions, in order to effectuate Congressional policy. As such, it is a constitutional delegation of legislative authority. *See Panama Refining Co. v. Ryan,* 293 U.S. 388, 426, 55 S.Ct. 241, 251, 79 L.Ed. 446 (1935).

Childs's remaining claim—that a common law action for negligence in the collection of checks exists—is also without merit.[4] Childs claims that his allegations that the Reserve Bank's failure to make reasonable attempts to collect the amount due on the check and failure to give timely notice of dishonor constitute a common law cause of action for negligence, as well as one for violation of the UCC. In support of this position, he cites section 1.103, which provides that "unless displaced by specific provisions, the principles of law and equity shall supplement the Texas UCC provisions." *Tex.Bus. & Comm.Code Ann.* § 1.103.

■ The Texas courts interpreting section 1.103 have held, in accordance with the section's plain language, that common law concepts only supplement the Texas Business and Commerce Code, and that the section was not intended to create separate causes of action that would conflict with the Code. *Bryan v. Citizens National Bank,* 628 S.W.2d 761, 764 (Tex.1982). "The objective of the Uniform Commercial Code is to displace scattered legislation or decisional law, and to state as fully as practicable a comprehensive and workable set of rules and principles for the governing of all aspects of transactions in the field to which it applies.... Of course prior law is applicable insofar as it is not displaced by specific provisions of the Code. Tex.Bus. & Comm. Code Ann., Sec. 1.103 (Tex. UCC, 1967)." *Pacific Products, Inc. v. Great Western Plywood, Ltd.,* 528 S.W.2d 286, 291 (Tex.Civ. App.—Fort Worth 1975, no writ). We find that section 4.202 of the Texas UCC displaces any common law cause of action based on violation of the duties outlined in that provision.

AFFIRMED.

---

4. Childs also claims that the district court erred in dismissing his complaint without conducting an oral hearing on Reserve Bank's motion to dismiss. Because Childs urges this court to decide the merits of his claim rather than reverse and remand for such hearing, *cf. Covington v. Cole,* 528 F.2d 1365 (5th Cir.1976), we need not discuss whether this alleged error is error in fact.