### FIRST NATIONAL BANK OF GATLINBURG, Plaintiff,

v.

### REPUBLICBANK DALLAS, N.A., Federal Reserve Bank of Dallas, The Citizens & Southern National Bank, and First Security Bank & Trust Company, Defendants.

Civ. A. No. CA3–85–0105–D.

United States District Court,
N.D. Texas,
Dallas Division.

Oct. 16, 1987.

---

**25.** *See* F.R.Civ.P. 54(b).

David C. Kent of Hughes & Luce, Dallas, Tex., for plaintiff, First Nat. Bank of Gatlinburg.

David W. Dixon, Legal Dept., Federal Reserve Bank of Dallas, Dallas, Tex., for defendant, Federal Reserve Bank of Dallas.

Peggy Tobolowsky of Akin, Gump, Strauss, Hauer & Feld, Dallas, Tex., for defendant, The Citizens & Southern Nat. Bank.

## MEMORANDUM OPINION AND ORDER

FITZWATER, District Judge.

The instant motion for summary judgment asks the court to interpret the scope of the term "sender" as used in § 210.6(a)(1) of Regulation J of the Federal Reserve System, 12 C.F.R. § 210.6(a)(1). For the reasons that follow, the court grants summary judgment in favor of the Federal Reserve Bank of Dallas ("Federal Reserve") against plaintiff, First National Bank of Gatlinburg ("First National"), and against defendant, The Citizens and Southern National Bank ("C & S").

## I.

## BACKGROUND

First National's complaint and C & S's cross-claim allege that the Federal Reserve caused First National or C & S to suffer a loss by breaching the Federal Reserve's duty to use ordinary care in sending the notice of dishonor of a check, in returning that check, and in sending notice of any delay in the check's transit after discovery of such delay. The material facts are undisputed. First National first received the check in question and sent it to Third National Bank of Nashville, Tennessee. From there it was transmitted to defendant, C & S, then to defendant, RepublicBank Dallas, then to defendant, Federal Reserve, then to defendant, First Security Bank and Trust Company. Neither First National nor C & S contends that it sent the check directly to the Federal Reserve.

The Federal Reserve contends that Federal Reserve System Regulation J bars First National and C & S from recovering from the Federal Reserve because 12 C.F.R. § 210.6(a)(1) limits its check processing liability to only the one party who directly sends the check to the Federal Reserve. First National and C & S argue that they are "senders" within the meaning of § 210.6(a)(1) and that the Federal Reserve can thus be held liable to them.

## II.

## ANALYSIS

The court begins its analysis, as it must, with the language of the regulation itself. *See Oliver v. U.S. Postal Service*, 696 F.2d 1129, 1131 (5th Cir.1983) (per curiam) (when interpreting administrative regulation the plain language of the regulation controls the court's construction absent a clearly expressed legislative intention to the contrary). The Board of Governors of the Federal Reserve System promulgated Regulation J to provide rules for processing checks and other cash and non-cash items through the Federal Reserve Banks. Section 210.6(a)(1) of Regulation J provides:

A Reserve Bank shall act only as *the sender's* agent in respect of an item.... A Reserve Bank shall not act as agent or subagent of an owner or holder of an item other than *the sender.* A Reserve Bank shall not have or assume any liability to *the sender* in respect of an item or its proceeds except for the Reserve

Bank's own lack of good faith or failure to exercise ordinary care.

12 C.F.R. § 210.6(a)(1). (Emphasis added).

Regulation J defines "sender" as follows:

"Sender" means any of the following that sends an item to a Reserve Bank: a depository institution, a clearing institution, another Reserve Bank, an international organization, a foreign correspondent, or a branch or agency of a foreign bank.

12 C.F.R. § 210.2(k).

The key to determining the meaning of § 210.6(a)(1) is the Board's use of the term "the sender." This term obviously has a singular meaning. Had the Board intended that a Reserve Bank would be liable to any sender, the regulation would read "a sender" or "any sender." By using the term "the sender" the Board expressed an intent to narrow the potential liability of its member banks.[1]

The court's interpretation of § 210.6(a)(1) is supported by an Illinois district court opinion. In *Northbrook Trust and Savings v. Palos Bank and Trust Co.*, 505 F.Supp. 1002, 1003 (E.D.Ill.1981), the district court held the Federal Reserve Bank of Chicago was not liable to a bank for negligent check processing because the bank had not sent the check directly to the Federal Reserve Bank of Chicago. Citing § 210.6(a), the court held that federal law restricts liability of a Federal Reserve Bank to "its immediate sender." *Id.*

Because neither C & S nor First National immediately preceded the Federal Reserve in the collection process, § 210.6(a)(1) protects the Federal Reserve from liability.

The Federal Reserve's motion for summary judgment is granted and the actions of C & S and First National against the Federal Reserve are dismissed.[2] The Federal Reserve shall recover its costs of court from C & S and First National.

SO ORDERED.

---

1. The Board of Governors' intent in promulgating § 210.6(a) may also be seen in the context of a notice of proposed amendment to Regulation J, where the Board of Governors stated:

   Section 210.6(a) of Regulation J provides that in collecting items a Reserve Bank acts only as the agent of *its* sender (i.e., *the* depository institution that forwards an item to a Reserve Bank for collection), and does not act as agent or subagent for *any other* person. Because the liability of a collecting bank (such as a Reserve Bank) is predicated upon its status as agent, this provision has the effect of insulating a Reserve Bank from liability in collection cases from *all parties except the sender.* Ac-

cordingly, *a third party that did not immediately precede a Reserve Bank in the collection process cannot successfully sue the Reserve Bank, even if it is able to demonstrate that it has been injured by the Reserve Bank's failure to exercise ordinary care in handling an item.* 50 Fed.Reg. 12,310 (1985). (Emphasis added).

2. *See Childs v. Federal Reserve Bank,* 719 F.2d 812, 813 (5th Cir.1983) (per curiam). In *Childs,* a lawsuit brought by a private individual (not a bank), the Fifth Circuit affirmed the district court's holding "that a Federal Reserve Bank is liable only to *its* sender bank for negligence in collecting a check." (Emphasis added).