## CIRCUIT COURT OF FAIRFAX COUNTY

Balbir S. Brar
and Manjeet K. Brar

v.

Signet Bank et al.

October 12, 1994

Case No. (Law) 126141

BY JUDGE ROSEMARIE ANNUNZIATA

The matter before the Court arises from the following facts. On August 21, 1991, plaintiffs Balbir S. Brar and Manjeet K. Brar deposited a check in the amount of $20,000 in their account at Signet Bank. When plaintiffs attempted to withdraw funds from the account on September 5, 1991, they discovered that the $20,000 had not been credited to their account. On September 6, 1991, plaintiffs complained to Signet, and on September 9, Signet informed plaintiffs for the first time that the check had been dishonored. Plaintiffs subsequently received a copy of the dishonored check in the mail on September 11, 1991. In their motion for judgment, plaintiffs claim that defendant Signet breached its obligation to give timely notice of dishonor to plaintiffs under the Virginia Uniform Commercial Code ("U.C.C.") and that Signet breached its duty of ordinary care to plaintiff in the handling of a deposited item, under a common law negligence theory.

The matter before the Court is defendant Signet Bank's demurrer to the Motion for Judgment. On July 29, 1994, the Court heard oral argument on the demurrer and overruled the demurrer as to the breach of the obligation to give timely notice of dishonor. The Court took under advisement the issue of whether plaintiff's claim for common law negligence against Signet is precluded by the provisions of the U.C.C.

Virginia Code § 8.4-202 imposes upon a collecting bank the duty to exercise ordinary care in sending notice of dishonor or nonpayment. Subsection (b) states that a bank exercises ordinary care if it takes proper action before its midnight deadline following receipt of an item. It further provides that action taken after the midnight deadline may be reasonable but that the bank has the burden of proof in establishing timeliness. Defendant contends that the duty of ordinary care imposed by § 8.4-202 displaces the duty of ordinary care under the common law, thereby foreclosing a common law negligence action.

The general standard for displacement is found at Va. Code § 8.1-103, which states that:

> Unless displaced by the particular provisions of this act, the principles of law and equity, including the law merchant and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy, or other validating or invalidating cause shall supplement its provisions.

See also Bartlett v. Bank of Carroll, 218 Va. 240, 237 S.E.2d 115 (1977). Whether the U.C.C. has displaced the common law action must be addressed in light of both this standard and the objectives of the U.C.C., one of which is to provide uniformity of law among jurisdictions. In re Varney Wood Products, Inc., 458 F.2d 435 (4th Cir. 1972).

In light of these considerations, I find that Signet Bank's demurrer must be sustained. I first note that the U.C.C. and the common law both provide a means of recovery. In instances where both bodies of law provide a means of recovery, it has been generally held that the U.C.C. displaces the common law to ensure the uniformity which the adoption of the U.C.C. proposes to achieve. Equitable Life Assurance Society of the U.S. v. Okey, 812 F.2d 906, 909 (4th Cir. 1987).

Second, the U.C.C. comprehensively covers the field of legal theories available for failure to exercise ordinary care in the handling of an item for deposit. Va. Code §§ 8.4-103 and 8.4-202 require the following be proved to establish the bank's liability: that the bank had a duty to exercise ordinary care in the handling of the item, the bank failed to exercise ordinary care and that the plaintiff was damaged by the bank's breach of its duty. Under a common law negligence theory of recovery, the same elements would have to be proved. Furthermore, the U.C.C. defines and establishes the particular standard of care to be met and sets limitations on liability.

*Equitable Life*, 812 F.2d at 909. Specifically, Va. Code § 8.4-202 establishes ordinary care as the standard of care and presumptively defines ordinary care as meeting the midnight deadline. It also provides for a "reasonableness" standard in the event that the midnight deadline is missed. In the event of breach, the U.C.C. limits liability by establishing the measure of damages for failure to exercise ordinary care in the handling of an item as the amount of the item reduced by an amount that could not have been realized by the exercise of ordinary care. Where the bank has acted in bad faith, further damages are recoverable. Va. Code § 8.4-103. The U.C.C.'s comprehensive coverage of the negligence theory of recovery supports a finding that the common law has been displaced. *Equitable Life*, 812 F.2d at 909.

Finally, to the extent the common law conflicts with the standard set forth in the U.C.C., the common law is generally deemed to be annulled. *Childs v. Federal Reserve Board*, 719 F.2d 812 (5th Cir. 1983). Such a conflict in the two bodies of law is present here in that the burdens of proof under the statutory scheme differ from the burdens of proof required in a common law negligence action. Specifically, if a bank acts after its midnight deadline has passed, the burden shifts to the bank to prove the reasonableness of its actions. Under the common law, the burden remains with the plaintiff to show that the defendant failed to act reasonably.

For the foregoing reasons, I find that the U.C.C. has displaced the common law cause of action for negligence. Signet Bank's demurrer is therefore sustained with prejudice.