**James OLIVER, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

**No. 82–4229**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 3, 1983.

John K. George, Houston, Tex., for petitioner.

Clifford P. Johnson, U.S. Postal Service, Memphis, Tenn., for respondent.

Before CLARK, Chief Judge, POLITZ and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

■ This petition for review presents the unusual complaint of a man sent home from work *with* pay. James Oliver, a Houston mail carrier, asks this court to overturn a thirty-day work suspension imposed against him by the Merit Systems Protection Board. He argues that the United States Postal Service violated federal regulations by placing him on "administrative leave" pending dismissal while continuing to pay him. We deny the petition for review of the order of the Merit Systems Protection Board.

Oliver was at a post office station away from that to which he was regularly assigned assisting a postal employee with a job discrimination complaint when he had a disagreement with that station's supervisor. Oliver refused to obey the supervisor's direct order, telling him to "cram it." When he returned to his regular station, he took an unauthorized break. Two weeks later, Oliver was given a Notice of Proposed Removal for improper conduct and failure to follow instructions. He was advised of all rights available to him under the Civil Service statute and was placed on paid leave for the thirty-day notice period. He was escorted from the station by his supervisor.

Oliver was allowed to return on several occasions to investigate the charges. While employees and supervisors were made available for interviews they were barred from giving him written statements.

Oliver was "removed" from employment effective January 9, 1981. He appealed the removal to the Merit Systems Protection Board. A Presiding Official heard the appeal, cancelled the removal and substituted a thirty-day suspension. The Board denied Oliver's petition for review of the Presiding Official's decision.

■ This court may set aside actions by the Merit Systems Protection Board found to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having

been followed; ..." 5 U.S.C. § 7703(c). *See Bonet v. United States Postal Service*, 661 F.2d 1071, 1074 (5th Cir.1981). This is a limited review. *Yacovone v. Bolger*, 645 F.2d 1028, 1032 (D.C.Cir.), *cert. denied*, 454 U.S. 844, 102 S.Ct. 159, 70 L.Ed.2d 130 (1981).

Oliver's first assignment of error is that the Postal Service violated the governing regulation by failing to retain him in a "duty status." By placing him on leave with pay, Oliver argues, the Postal Service action violated a procedure required by law. Oliver contends that 5 U.S.C. § 7513(b)(1), which entitles an employee to a thirty-day notice period before removal or a suspension of 14 or more days, gives the employee more than a right to know he is being terminated. Oliver contends that the implementing regulation adds rights both to pay and to duty during the notice period. He asserts that 5 C.F.R. § 752.404 (1981) accomplishes this by providing only three exceptions to pay and duty during the required period of notice: (1) Non-duty with pay for no more than 10 days may accompany more rapid removal when a crime is involved, 5 C.F.R. § 752.404(d)(1); (2) furlough without pay for no more than 10 days may be imposed in unforeseeable circumstances, such as breakdowns of equipment or sudden emergencies, 5 C.F.R. § 752.-404(d)(2); and (3) an employee may be placed on non-duty with pay for up to 10 days when a suspension is effected in a dangerous situation. 5 C.F.R. § 752.-404(d)(3). Oliver urges the listing of these exceptions proves his version of the rule, i.e., stating the exceptions mandates that the thirty-day notice period must be accompanied by thirty days of pay and duty whenever they do not apply.

The petitioner's argument proves too much. The Office of Personnel Management is granted the authority to draft regulations to implement this statute. 5 U.S.C. § 7514. The statute provides for thirty-day notice to employees against whom certain adverse action is initiated except those who are reasonably believed to have committed a crime for which a sentence of imprisonment may be imposed. 5 U.S.C. § 7513(b)(1). The OPM promulgated regulations which added to the thirty-day notice provision the two additional exceptions noted by Oliver. *See* 5 C.F.R. § 752.404. But the exceptions, which Oliver argues proves that paid non-duty status is allowed only in two of those three situations, are merely exceptions to the required thirty-day notice prior to removal, suspension or other adverse action under 5 U.S.C. § 7512.

■ When interpreting statutes and regulations, the plain language of the statute or regulation controls our construction, absent a clearly expressed legislative intention to the contrary. *Alabama v. Marshall*, 626 F.2d 366, 368–69 (5th Cir.1980), *cert. denied*, 452 U.S. 905, 101 S.Ct. 3029, 69 L.Ed.2d 405 (1981). These regulations contain no express requirement that an employee be allowed to remain on the job. Nor do they explicitly prohibit the agency from placing an employee on paid leave during the thirty-day notice period. That which the statute required was given to Oliver—thirty-day advance notice of the proposed agency action with the reasons for the action, a reasonable time to answer, the right to a representative, and a written decision. 5 U.S.C. § 7513(b).

■ The exceptions set out in the regulation's special situations are permissive. No purpose of the statute or regulation would be served by requiring that the employee remain on active duty and receive pay during the notice period. We refuse to imply a "right" where none is expressly provided or need be inferred to effect a protection granted. The statute and regulations promulgated here are designed to allow agencies to expeditiously remove unfit employees while at the same time protecting the employees from violations of their rights. S.Rep. No. 969, 95th Cong., 2d Sess. 9–10, *reprinted in* 1978 U.S. Code Cong & Ad. News 2723, 2731–32. The Civil Service Reform Act of 1978 was intended to protect the employee's right to fair treatment while accelerating the personnel action process. *Id.* Inferring a right to remain on duty during the notice period is not the kind of

protection (or tenure) that the Act was intended to grant.

Oliver argues that language from *Roskos v. United States,* 549 F.2d 1386 (Ct.Cl.1977), also supports his position. In dicta, the *Roskos* court stated that "the Civil Service Commission's regulations call upon the employing agency to retain the charged employee in his regular position during the notice period—if that is at all practicable and there is no emergency." *Id.* at 1389 n. 9. This dicta was meant to deal with situations where a significant change in the employment relationship may cause a severe hardship to the federal employee. *Roskos* does not suggest that an agency may not retain that employee in a non-duty, paid status.

■ Oliver's second contention is that the Postal Service acted arbitrarily and capriciously by preventing Postal Service employees from giving written statements to Oliver. This contention is also meritless. Oliver was not bound to produce written statements in his defense. The hearing officer would consider both oral and written statements. The Post Office had a regulation in the Houston area prohibiting written statements from employees. The Postal Service made management and employees available to Oliver to prepare his defense. Oliver's representative at the interviews took notes and offered them to the official responsible for the final decision.

The action taken by the Postal Service and its affirmance by the Merit Services Protection Board was not arbitrary and capricious and it was supported by law. The petition for review is

DENIED.