**Irwin D. BROSS, Appellant,**

v.

**Thomas K. TURNAGE, as Administrator of Veterans Affairs for the United States Veterans Administration; the Veterans Advisory Committee on Environmental Hazards; the Scientific Council of the Veterans Advisory Committee on Environmental Hazards; and the United States Veterans Administration, Appellees.**

**No. 235, Docket 89-7531.**

United States Court of Appeals, Second Circuit.

Argued/Submitted Oct. 26, 1989.

Decided Nov. 17, 1989.

Lewis Steele, Albany, N.Y., for appellant.

Dennis C. Vacco, U.S. Atty. W.D. New York (Martin J. Littlefield, of counsel), for appellees.

Before OAKES, Chief Judge, KEARSE and ALTIMARI, Circuit Judges.

PER CURIAM:

Irwin D. Bross appeals from a judgment of the United States District Court for the Western District of New York, John T. Curtin, Judge, dismissing his complaint pursuant to Fed.R.Civ.P. 12(b)(6). We affirm.

The Veterans' Dioxin and Radiation Exposure Compensation Standards Act ("the Act"), 38 U.S.C. § 354, note (Supp. V 1987), requires the Administrator of Veterans' Affairs ("the Administrator") to establish guidelines for resolving claims involving exposure by service personnel to dioxin or ionizing radiation. *See id.* § 5(a)(1). Under the Act, the Administrator, after receiving the advice of the Scientific Council ("Scientific Council") of the Veterans' Ad-

visory Committee on Environmental Hazards ("the Advisory Committee"), is to evaluate findings of scientific studies relating to risks of exposure. *See id.* § 5(b)(1)(B). The Act sets forth additional provisions pertaining to procedures for prescribing regulations based upon such scientific evidence, *see id.* § 5(b)(2)–(3) & (c), and to the composition of the Advisory Committee. *See id.* § 6.

The plaintiff, Irwin Bross, has written a number of papers on the link between ionizing radiation and cancer. Dr. Bross's studies essentially have argued that there is a much stronger causal connection between ionizing radiation and cancer than what the Veterans' Administration ("VA") currently recognizes. Dr. Bross has submitted his studies to both the VA and the Advisory Committee for review. Dr. Bross claims that the VA's and Advisory Committee's evaluations of his studies have not complied with the substantive and procedural commands of the Act.

On September 4, 1987, Dr. Bross filed a complaint with the United States District Court for the Western District of New York against the Administrator, the VA, the Advisory Committee, and the Scientific Council. He alleged, first, that the VA and the Administrator unlawfully failed to publish evaluations of his reports; second, that the defendants failed to consider fairly his conclusions; third, that the processes employed by the defendants violated his due process rights; and, fourth, that the defendants' conclusions that Dr. Bross's studies provided no basis for altering current VA policy were arbitrary and capricious.[1] On March 29, 1989, the district court dismissed the complaint, holding, among other things, that Dr. Bross did not have proper standing to bring his claims.

We hold that the district court properly dismissed Dr. Bross's complaint. In pursuing statutory claims for violations of the Act, Dr. Bross alleges that his right to sue stems from the Administrative Procedure Act, which grants the right of judicial review to "[a] person ... aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702 (1988). A person suing under § 702 must show that the interests he asserts are "arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question." *Association of Data Processing Service Orgs., Inc. v. Camp,* 397 U.S. 150, 153, 90 S.Ct. 827, 829, 25 L.Ed.2d 184 (1970). Judicial review of an agency action will not lie "if the plaintiff's interests are so marginally related to or inconsistent with the purposes implicit in the statute that it cannot reasonably be assumed that Congress intended to permit the suit." *Clarke v. Securities Indus. Ass'n,* 479 U.S. 388, 399, 107 S.Ct. 750, 757, 93 L.Ed.2d 757 (1987).

■ We find that the interest asserted by Dr. Bross is not within the zone of interests protected by the Act. Because the Act is chiefly centered around the procedures for awarding VA compensation, a veteran aggrieved by the VA's refusal to consider scientific evidence potentially relevant to a claim for benefits conceivably could have a right to seek judicial review. However, the interest of a scientist like Dr. Bross in seeking professional and governmental recognition of his views, although unquestionably genuine, is not reasonably connected to the awarding of VA benefits to fall within the Act's zone of interests. Accordingly, we rule that the district court correctly dismissed Dr. Bross's statutory claims.

■ Additionally, we hold that the district court properly dismissed Dr. Bross's due process claim. It is fundamental that to establish a procedural due process violation, a plaintiff must show a deprivation of a protected life, liberty or property interest. *See, e.g., Board of Regents v. Roth,* 408 U.S. 564, 570–72, 92 S.Ct. 2701, 2705–06, 33 L.Ed.2d 548 (1972). Dr. Bross has not identified a protected entitlement, nor

---

1. Dr. Bross's complaint sets forth six separate claims for relief. Two of them are requests for mandamus and thus refer to the remedies sought rather than constituting separate claims for relief.

is one readily discernible from his complaint.

Judgment affirmed.