**Theodore KAMASINSKI, Plaintiff,**

**v.**

**Harvey RUBIN, Carol Rubin and Hon. Edward F. Stodolink, individually and in his official capacity as a Judge of the Connecticut Superior Court, Defendants.**

**Civ. No. B–90–408 (WWE).**

United States District Court,
D. Connecticut.

April 5, 1991.

Louis I. Parley, The Marcus Law Firm, New Haven, Conn., for plaintiff.

Theodore Kamasinski, pro se.

Henry S. Cohn, Asst. Atty. Gen., Hartford, Conn., Jonathan Katz, William M. Bloss, Jacobs, Grudberg, Belt & Dow, P.C., New Haven, Conn., for defendants.

## RULING ON DEFENDANT HARVEY RUBIN'S MOTION TO DISMISS

EGINTON, District Judge.

### FACTUAL BACKGROUND

In 1985 the marriage of defendants Harvey Rubin and Carol Rubin was dissolved by judgment entered by the Superior Court for the Judicial District of Danbury, Connecticut. Custody of their only child, Rebecca, was granted to Carol Rubin, with liberal visitation rights to Harvey Rubin. Following the divorce, and during the time that Carol Rubin had custody of Rebecca, Carol Rubin and Theodore Kamasinski, plaintiff in the instant case, were involved in a relationship.

In 1989 Harvey Rubin filed a motion for modification of the custody order, seeking full custody of Rebecca. A hearing was held at the Superior Court in Danbury, Connecticut in December, 1989. Although subpoenas had been served on both Carol Rubin and Kamasinski, neither individual appeared at the hearing. The court took testimony on Harvey Rubin's motion, issued a capias to compel Kamasinski's presence, and continued the hearing to January, 1990.

Carol Rubin did not attend the continued hearing, but was represented by counsel. Kamasinski, who was never served with the capias, was not present. After finding that there had been sufficient notice, the court proceeded with the hearing. Testimony was offered by several witnesses, including Harvey Rubin. At the conclusion of the testimony, the court ordered that temporary custody of Rebecca be awarded to Harvey Rubin exclusively, and that a restraining order enter in favor of Rebecca as against Kamasinski. The restraining order, dated January 2, 1990, reads: "That Theodore Kamasinski in all his alias names shall not initiate contact or have contact initiated by the plaintiff wife, Carol Ann Rubin for him with the minor child, Rebecca Beth Rubin." The court's custody modification and restraining orders were issued with "the best interest of" Rebecca in mind.

On March 29, 1990 Kamasinski filed a motion with the Superior Court to reopen and vacate the January 2, 1990 order. The pleading was rejected by the clerk because Kamasinski was never a party to the *Rubin v. Rubin* action. Kamasinski has made no additional efforts, at the state court level, to amend or alter the order. Instead he filed a Two Count complaint in this court, alleging violations of his due process rights, pursuant to 42 U.S.C. § 1983, stemming from the state court's injunctive order. Defendant Harvey Rubin has filed this motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), claiming that the complaint fails to state a cause of action, and alternatively, that the complaint is barred by the *Feldman–Rooker* doctrine, or that it falls within the matrimonial exception to federal jurisdiction. For the reasons set forth below the motion to dismiss will be granted.

### DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distribution v. Merrill Lynch Commodities, Inc.,* 748 F.2d 774, 779 (2d Cir.1984). When deciding a motion to dismiss under the Federal Rules of Civil Procedure, a court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

### DUE PROCESS CLAIM

Two elements are required to maintain an action based on a 42 U.S.C. § 1983 claim. The plaintiff must prove that he has been deprived by the defendant of a right protected by the Constitution or federal laws, and that the defendant acted "under color of law". *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970).

 The plaintiff alleges in general terms a violation to his rights under the Due Process Clause of the Fourteenth Amendment. While due process rights extend to family matters, Kamasinski's relationship with Carol Rubin does not create a "family", nor does he have any protected family rights as to Rebecca. *Smith v. Organization of Foster Families*, 431 U.S. 816, 842, 97 S.Ct. 2094, 2108–09, 53 L.Ed.2d 14 (1977). It is incumbent on the plaintiff to "show a deprivation of a protected life, liberty or property interest" to maintain a due process action. *Bross v. Turnage*, 889 F.2d 1256, 1257–58 (2d Cir.1989). By not alleging a protected right, plaintiff fails to satisfy the first element required of a due process action.

 Fourteenth Amendment protection extends only to state action, and provides no protection from "private conduct, however discriminatory or wrongful." *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 842, 92 L.Ed. 1161 (1948). Liability attaches only when a party acts "under color of" state law, carrying "a badge of authority of a State and represent[ing] it in some capacity, whether they act in accordance with their authority or misuse it." *Monroe v. Pape*, 365 U.S. 167, 172, 81 S.Ct. 473, 475, 5 L.Ed.2d 492 (1961). A private party can be held liable under § 1983 if engaged in a conspiracy with a state actor, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152, 90 S.Ct. 1598, 1605–06, 26 L.Ed.2d 142 (1970), but use by a private party of the state courts for litigation "does not clothe persons who use its judicial processes with the authority of the state", as contemplated under the § 1983 state action requirement. *Stevens v. Frick*, 372 F.2d 378, 381 (2d Cir.1967).

 By failing to demonstrate that the defendant was acting "under color of" state law, plaintiff fails to satisfy the second element of a § 1983 action. Harvey Rubin is a private party, was not acting in a conspiracy with a state actor, and is therefore not liable under a § 1983 action.

Because the plaintiff's complaint fails to state a claim upon which relief can be granted, dismissal is appropriate, pursuant to Fed.R.Civ.P. 12(b)(6). Accordingly, the court declines to examine the defendant's other grounds for dismissal.

CONCLUSION

For the reasons set forth above, defendant Harvey Rubin's motion to dismiss is GRANTED.

SO ORDERED.