954 F.2d 658
 James E. FERRY, Plaintiff-Appellee,
v.
Jack N. HAYDEN, Chief of Transportation, Maxwell Air Force
Base, Department of the Air Force, in his official capacity;
James F. McGovern, Acting Secretary of the Air Force, in
his official capacity, and the United States Department of
the Air Force, Defendants-Appellants.
 No. 90-7694.
 United States Court of Appeals,
Eleventh Circuit.
 Feb. 24, 1992.
 
 James Eldon Wilson, U.S. Atty., David L. Allred, Asst. U.S. Atty., Montgomery, Ala., Robert D. Kamenshine, Barbara L. Herwig, Appellate Staff, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for defendants-appellants.
 McPhillips, Hawthorne, & Shinbaum, Kenneth Jay Shinbaum, Julian L. McPhillips, Jr., Gary E. Atchison, Montgomery, Ala., for plaintiff-appellee.
 Appeal from the United States District Court for the Middle District of Alabama.
 Before ANDERSON and DUBINA, Circuit Judges, and ESCHBACH*, Senior Circuit Judge.
 ANDERSON, Circuit Judge:
 
 
 1
 This case involves a dispute over appellant Captain Jack N. Hayden's decision to dismiss appellee James E. Ferry, a probationary civilian employee of the United States Air Force. Hayden claims he terminated Ferry because Ferry was overzealous and lacked tact and diplomacy in performing his job as a Vehicle Operations Contract Monitor at Maxwell Air Force Base in Alabama. Ferry alleges that Hayden improperly dismissed him based upon the exercise of his First Amendment right of free speech.
 
 PROCEDURAL BACKGROUND
 
 2
 On May 27, 1988, Hayden, Chief of Transportation at Maxwell Air Force Base, sent Ferry a letter informing him that his employment as a Vehicle Operations Contract Monitor would be terminated effective June 13, 1988. Hayden listed the reasons for Ferry's termination and informed him that he had seven work days to request a review of this action. Hayden stated that, if the termination became effective, Ferry could appeal it to the Merit Systems Protection Board ["MSPB"] "only if [he believed] it was based on partisan political affiliation, marital status, or discrimination." The letter included a copy of the applicable MSPB regulations and a copy of the MSPB appeals form. In addition, the letter advised Ferry of both the office location and telephone number of a Maxwell Air Force Base Civilian Personnel Office employee he could contact to see additional pertinent regulations.
 
 
 3
 Ferry requested review of his termination, and on June 9, 1988, John W. Blalock, Acting Chief of the Logistics Division at Maxwell Air Force Base, sent Ferry a letter confirming Hayden's decision.[1] On June 24, 1988, Ferry filed an appeal with the MSPB, alleging that his termination was based on discrimination due to his exercise of his First Amendment rights of speech and association. On July 25, 1988, the MSPB rendered an initial decision rejecting Ferry's appeal on the grounds that Ferry had failed to prove that the MSPB had jurisdiction over his complaint. See 5 C.F.R. § 1201.56(a)(2)(i) (appellant bears burden of proof with respect to issues of jurisdiction). The MSPB denied Ferry's petition for review of the initial decision on November 22, 1988. 39 M.S.P.R. 48.
 
 
 4
 On May 2, 1989, Ferry brought suit in the United States District Court for the Middle District of Alabama against appellants Hayden, Acting Secretary of the Air Force James F. McGovern, and the United States Department of the Air Force. In its August 22, 1989, order, the district court found that Ferry had exhausted his administrative remedies. In a subsequent order, the district court conceded that, under the Civil Service Reform Act ["CSRA"], codified and amended in various sections of 5 U.S.C., Ferry "should have initially filed his complaint with the [Office of Special Counsel ["OSC"], rather than the MSPB], and therefore did not 'properly' exhaust his administrative remedies." District Court Order Denying Renewed Motion to Dismiss (July 5, 1990). However, the court found that Ferry "filed with the MSPB rather than the OSC due to the directions contained on his notice of termination which instructed [Ferry] that he could file an appeal with the MSPB if he believed his termination was based on 'discrimination.' " Id. at 47. The court found that Ferry acted reasonably in light of the instructions given and, accordingly, found that appellants were estopped from asserting that Ferry failed properly to exhaust his administrative remedies. Id.
 
 
 5
 In its final decision on August 13, 1990, the district court ordered that appellants reinstate Ferry, with back pay and benefits accorded him by law. Appellants appeal from this decision.
 
 DISCUSSION
 
 6
 We agree with the district court that Ferry "did not 'properly' exhaust his administrative remedies" because he filed his complaint initially with the MSPB rather than with the OSC. Under the CSRA, a probationary employee like Ferry does not have the right to appeal his termination directly to the MSPB. 5 U.S.C. §§ 7511-13. Rather, if a probationary employee believes his termination is the result of a "prohibited personnel practice," see 5 U.S.C. § 2302, he must submit his complaint in the first instance to the OSC for review. See Karamanos v. Egger, 882 F.2d 447, 450-51 (9th Cir.1989); Barnhart v. Devine, 771 F.2d 1515, 1524 (D.C.Cir.1985); Carducci v. Regan, 714 F.2d 171, 175 (D.C.Cir.1983); Perez v. Army and Air Force Exchange Service, 680 F.2d 779, 788 (D.C.Cir.1982); 5 U.S.C. § 1214(a)(1)(A).[2]
 
 
 7
 In his complaint, Ferry alleged that his termination was in retaliation for "whistleblowing" and for associating with the prior contract holder of the Maxwell Air Force Base vehicle maintenance contract.[3] R.E. at 10-12 (May 2, 1989). The CSRA's broad definition of "prohibited personnel practices" for which the OSC disciplinary process is available encompasses both of Ferry's claims. The CSRA specifically lists reprisal for "whistleblowing" as a "prohibited personnel practice," 5 U.S.C. § 2302(b)(8)(A), and Ferry's allegation that Hayden violated his freedom of association fell within the CSRA's "catch-all" prohibition on personnel actions violating the CSRA's merit system principles,[4] 5 U.S.C. § 2302(b)(11); see also McIntosh v. Turner, 861 F.2d 524, 526 (8th Cir.1988) (legislative history shows that violation of employee's constitutional rights is prohibited personnel practice reviewable by OSC). Accordingly, the CSRA required Ferry to bring his complaint initially to the OSC. The facts are undisputed that Ferry failed to do this.
 
 
 8
 Ferry's failure to exhaust his administrative remedies under the CSRA precludes judicial review of his allegations of improper agency action. See Houlihan v. Office of Personnel Management, 909 F.2d 383, 384 (9th Cir.1990); Karamanos, 882 F.2d at 450-51; Barnhart, 771 F.2d at 1525. As the District of Columbia Circuit stated in Daly v. Costle, 661 F.2d 959, 963 (D.C.Cir.1981), "[t]hat appellant has alleged constitutional deprivations does not change the analysis, for so long as effective remediation conceivably could have been achieved through the [CSRA's] administrative process, exhaustion was prerequisite."
 
 
 9
 We disagree with the district court's conclusion that appellants are equitably estopped from asserting Ferry's failure to exhaust administrative remedies as a bar to his suit in federal court. The question whether equitable estoppel is ever available against the federal government is unresolved,[5] but, as the Supreme Court observed in Heckler v. Community Health Services, 467 U.S. 51, 61, 104 S.Ct. 2218, 2224, 81 L.Ed.2d 42 (1984), "however heavy the burden might be when an estoppel is asserted against the Government, the private party surely cannot prevail without at least demonstrating that the traditional elements of estoppel are present."[6]
 
 
 10
 In order for a court to apply equitable estoppel, "the party claiming the estoppel must have relied on its adversary's conduct 'in such a manner as to change his position for the worse[,]' and that reliance must have been reasonable in that the party claiming the estoppel did not know nor should it have known that its adversary's conduct was misleading." Community Health Services, 467 U.S. at 59, 104 S.Ct. at 2223 (footnotes omitted). The district court held that appellants were equitably estopped from asserting the bar of failure to exhaust administrative remedies because Ferry reasonably relied on the information contained in his notice of termination when he decided to appeal appellants' action to the MSPB rather than file his complaint with the OSC. However, we find that the district court erred in applying equitable estoppel against appellants because Ferry proved no detriment from his reliance on the termination notice.
 
 
 11
 Ferry's decision to bring an appeal of his termination initially before the MSPB did not foreclose the exercise of his right under the CSRA to file a complaint with the OSC. Neither the statutory provisions, see 5 U.S.C. § 1214, nor the regulations, see 5 C.F.R. § 1800.1, regarding the filing of complaints and allegations with the OSC place any time limit on the exercise of that right. Furthermore, both in their brief and at oral argument before this court, appellants have stressed that Ferry is still free to file with the OSC.[7] Since Ferry has not lost any legal right through his reliance on appellants' representations, we find that he has not suffered the detrimental change in his position necessary for the application of equitable estoppel against appellants. Community Health Services, 467 U.S. at 61-62, 104 S.Ct. at 2225.
 
 
 12
 For the foregoing reasons, we VACATE the district court's order requiring appellants to reinstate Ferry and REMAND with instructions that the case be dismissed for failure to exhaust administrative remedies.
 
 
 13
 VACATED and REMANDED.
 
 
 
 *
 Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 [1]
 Blalock's letter provided essentially the same information as Hayden's letter regarding Ferry's right to appeal his termination
 
 
 [2]
 At the time Ferry filed his complaint with the district court, this section was codified at 5 U.S.C. § 1206(a)(1)
 
 
 [3]
 At the close of appellee's evidence at trial, the district court granted appellants' Motion for Directed Verdict pursuant to Fed.R.Civ.P. 41(b) regarding the alleged violation of Ferry's right of association. On appeal, Ferry does not challenge the dismissal of his right of association claim
 
 
 [4]
 The merit system principles require that all employees receive "fair and equitable treatment in all aspects of personnel management ... with proper regard for their privacy and constitutional rights." 5 U.S.C. § 2301(b)(2)
 
 
 [5]
 In Office of Personnel Management v. Richmond, 496 U.S. 414, 110 S.Ct. 2465, 2470, 110 L.Ed.2d 387 (1990), the Supreme Court noted, "[W]e have reversed every finding of estoppel [against the federal government] that we have reviewed." However, the Court has refused to adopt "a flat rule that estoppel may not in any circumstances run against the Government." Heckler v. Community Health Services, 467 U.S. 51, 60, 104 S.Ct. 2218, 2224, 81 L.Ed.2d 42 (1984); see also Richmond, 110 S.Ct. at 2471
 
 
 [6]
 The Supreme Court's jurisprudence on this issue states "that equitable estoppel will not lie against the Government as against private litigants." Richmond, 110 S.Ct. at 2469. However, it is unclear whether this principle holds true only when the government is acting in a sovereign role, or applies as well when it acts in a proprietary role, as in this case. See Housing Auth. of Elliott County v. Bergland, 749 F.2d 1184, 1190 (6th Cir.1984) ("Th[e] distinction [between when the government is acting in a sovereign rather than proprietary role] focuses on a concern that government agents, absent the prohibition against estoppel, by their statements or conduct might waive or revise the laws as enacted by Congress."); see also Richmond, 110 S.Ct. at 2471-73 (applying estoppel to disability claim would violate Appropriations Clause); Community Health Services, 467 U.S. at 60, 104 S.Ct. at 2224 ("When the Government is unable to enforce the law because the conduct of its agents has given rise to an estoppel, the interest of the citizenry as a whole in obedience to the rule of law is undermined."); INS v. Hibi, 414 U.S. 5, 8, 94 S.Ct. 19, 21, 38 L.Ed.2d 7 (1973) ("It is well settled that the Government is not in a position identical to that of a private litigant with respect to its enforcement of the laws enacted by Congress."). Since we hold that Ferry failed to demonstrate facts that would give rise to estoppel against a private party, we need not address the issue of whether estoppel is ever available against the federal government and, if so, whether, and the extent to which, the burden of proving estoppel against the government is heavier than against others
 
 
 [7]
 We understand appellants' argument to be a representation that they would not attempt to assert a statute of limitations or laches bar were Ferry to seek OSC review of his claims following this court's dismissal of his case