AIR PRODUCTS AND
CHEMICALS, Plaintiff,

v.

Donald J. QUIGG, Defendant.

Civ. A. No. 87-3545.

United States District Court,
District of Columbia.

Sept. 30, 1988.

R. Lewis Gable, Neuman, Williams,
Anderson and Olson, Arlington, Va., for
plaintiff.

Fred E. McKelvey, Deputy Sol., Lee E.
Barrett, Associate Sol., Patent and Trade-
marks Office, Arlington, Va., for defen-
dant.

## MEMORANDUM AND ORDER

HAROLD H. GREENE, District
Judge.

Plaintiff has filed this complaint seeking
reversal of the November 5, 1987 final deci-
sion of the Assistant Commissioner for Pat-
ents (Commissioner) striking Air Products'
United States Patent application Serial No.
037,836. As grounds for its challenge,
plaintiff alleges that defendant had no au-
thority to strike the application, and that,
in striking the application for inequitable
conduct, defendant failed to consider on the
merits whether Air Products had cured the
inequitable conduct found in *Driscoll v.
Cebalo*, 731 F.2d 878 (Fed.Cir.1984). Cur-
rently before the Court are the parties'
cross-motions for summary judgment.

The patent application which is the sub-
ject of this litigation (the '836 application),
was filed on May 15, 1970. That applica-
tion discloses a class of herbicides that are
used to control unwanted vegetation in ani-
mal grazing areas, railroad and highway
rights-of-way, and sugar cane fields.
The '836 application was abandoned in Feb-
ruary 1972. However, because subsequent
applications may obtain the benefit of the
filing date of this prior application, *see* 35
U.S.C. § 120, the existence of the aban-
doned '836 application in the patent office
files has continuing practical conse-
quences.[1]

Plaintiff first alleges a procedural defi-
ciency as to the Commissioner's decision to

---

1. A person who has filed one application for a
patent may file a subsequent application. If
claims in the subsequent application meet the
requirements of 35 U.S.C. § 120, those claims
are entitled to the benefit of the filing date of
the prior application for purposes such as deter-
mining patentability and priority.

strike the controverted application, in that he was without authority to so act.

Prior to 1982, the Commissioner was specifically empowered by regulation to deal with issues of inequitable conduct by striking from the files an application in relation with which such conduct had been identified. *See* 37 C.F.R. § 1.56 (1977) (Rule 56).[2] Effective July 1, 1982, Rule 56 was amended to provide that the claims in an application be rejected (rather than stricken) if the applicant has engaged in inequitable conduct.[3] It is the scope and effect of the amended regulation which is at issue here: plaintiff asserts that subsequent to its effective date, the Commissioner no longer had statutory or regulatory authority to strike any application for inequitable conduct, be it pending or abandoned; defendant argues that the new regulation altered the sanction against pending applications only, and that the Commissioner retained broad statutory authority to strike abandoned applications.

█ Rule 56(d), as amended, currently provides:

(d) No patent will be granted on an application in connection with which fraud on the Office was practiced or attempted or the duty of disclosure was violated through bad faith or gross negligence. The claims in an application *shall be rejected* if upon examination pursuant to 35 U.S.C. 131 and 132, it is established by clear and convincing evidence (1) that any fraud was practiced or attempted on the Office in connection with the application, or in connection with any previous application upon which the application relies, or (2) that there was any violation of the duty of disclosure through bad faith or negligence in connection with the application, or in connection with any previous application upon which the application relies.

37 C.F.R. § 1.56(d) (post–1982 Rule 56) (emphasis added). The notice of rule change in which revised Rule 56 was promulgated provided for "Interim Procedures" for implementation of the new rule, as follows:

On July 1, 1982, the revised procedures of §§ 1.56(d) and 1.193(c) will apply to any applications then pending which have not been the subject of a final Office decision on questions of fraud or violation of the duty of disclosure. Any petition to strike an application from the files or any protest against a pending application filed prior to July 1, 1982, will be governed by the rules in effect prior to that date. Any applications filed under § 1.175(a)(4) prior to July 1, 1982, will be examined until the application is amended and a reissue patent issues thereon or the application becomes abandoned.

47 Fed.Reg. at 21751.

Defendant argues, and the Court agrees, that the regulatory scheme adopted by the

---

In fact, the patent office is currently conducting an interference procedure as to an Air Products patent application which relies on the filing date of the '836 application. Defendant suggests that striking of the '836 application may result in the dissolution of the interference.

**2.** Prior to 1977, Rule 56 provided:

Any application signed or sworn to in blank, or without actual inspection by the applicant, and any application altered or partially filled in after being signed or sworn to, and also any application fraudulently filed or in connection with which any fraud is practiced or attempted on the Patent Office may be stricken from the files.

Rule 56 was amended in 1977 to provide, in part, that:

(d) An application shall be stricken from the files if it is established by clear and convincing evidence that any fraud was practiced or attempted on the Office in connection with it

that there was any violation of the duty of disclosure through bad faith or gross negligence.

37 C.F.R. § 1.56(d) (pre–1982 Rule 56).

**3.** The proffered reason for this amendment was to provide for review by the Board of Appeals of duty of disclosure issues which arise during patent application examination. *See* 47 Fed. Reg. 21746 (May 19, 1982).

Patent office action under the prior Rule 56 had been reviewable only under the "arbitrary, capricious, or in abuse of discretion" standard generally applicable to agency review questions. This was so because decisions striking applications are not considered "decisions" or a "rejection" of the claims within the meaning of 35 U.S.C. § 141, and are not appealable. If the Commissioner is found to have authority to continue to strike, rather than reject, abandoned applications, those actions to strike likewise will be reviewable only as abuses of discretion.

post–1982 Rule 56 provides for rejection of claims only in pending applications. This conclusion is logically supported by the fact that only pending application may be "examined" pursuant to 35 U.S.C. §§ 131 and 132; an abandoned application is no longer before the examiner for consideration on the merits, as it is not entitled to become a patent under the law. *Gandy v. Marble,* 122 U.S. 432, 7 S.Ct. 1290, 30 L.Ed. 1223 (1887). Therefore, it would be impossible to reject the claims in an abandoned application, as directed by new Rule 56, "upon examination pursuant to 35 U.S.C. 131 and 132." Furthermore, the language of the interim procedures for implementation of the new rule states that the new rule will apply to *pending* applications; there is no guidance as to how the new rule is to be applied to abandoned applications which, as of July 1, 1982, had not been the subject of a final Office decision on questions of fraud or violation of the duty of disclosure.

In sum, there is nothing on the face of the new regulation to suggest that it was intended to govern abandoned applications, nor does the language of contemporaneous, explanatory agency statements indicate otherwise. In the absence of a clearly expressed legislative intention to the contrary, the plain language of the regulation will control the Court's construction. *Oliver v. U.S. Postal Service,* 696 F.2d 1129 (5th Cir.1983). Here, the language selected by the drafters of the regulation is clear and unequivocal, and consistent with interpretive agency materials. Thus, the Court is bound to give effect to the plain meaning of the words, and finds that abandoned applications are not within the purview of new Rule 56's reach.

■ Having determined that the current Rule 56 no longer applies to abandoned applications, the Court must next consider whether the Commissioner has authority from some other source to strike the '836 application. Without citing to any specific statutory or regulatory provision, defendant argues that the Commissioner must have authority to strike abandoned applica-

tions upon a showing of inequitable conduct, simply because striking is the only method for denying an applicant the benefit of an abandoned application tainted by misconduct. This argument is unpersuasive for a variety of reasons.

■ First, the Court rejects the premise that striking of an abandoned application is the sole sanction available when inequitable conduct has been proven. As defendant explains, an abandoned application retains importance due to the filing date benefit it might accord to a subsequent application under 35 U.S.C. § 120. That benefit will not be available, however, in cases where fraud or a violation of the duty of disclosure was practiced or attempted in the abandoned application, because new Rule 56(d) provides that the claims in a pending application which relies on such an abandoned application shall be rejected. Therefore, even though an abandoned application tainted by misconduct might remain in the patent office files, it will be of no benefit to a subsequent application. If the subsequent application relies on the tainted, previous application, the subsequent application will be rejected; thus a subsequent applicant may choose either to rely on the abandoned application, and invite certain rejection of his pending claims, or not to rely on the abandoned application, and prosecute his pending claims with the actual filing date of that application.

Second, a review of the relevant statutes reveals no express grant to the Commissioner of authority to strike an application for patent. *Accord Norton v. Curtiss,* 433 F.2d 779, 791, 57 C.C.P.A. 1384 (1970). Any such authority, if it exists, must emanate from the Commissioner's general authority under 35 U.S.C. § 6 to establish regulations governing the conduct of proceedings in the patent office. Yet, no such regulation has been established. There is no question of the Commissioner's authority to promulgate a regulation enabling him to strike abandoned applications in which inequitable conduct has been perpetrated,[4]

---

4. *See, e.g., Norton v. Curtiss,* 433 F.2d 779, 57 C.C.P.A. 1384 (1970), upholding the Commis-

sioner's authority to strike applications pursuant to pre–1982 Rule 56. That authority de-

however, his ability to do so does not alter the fact that the authority has not been exercised. Therefore, unless one is to read the congressional intent behind 35 U.S.C. § 6 as entitling the Commissioner to act in any way he deems appropriate, so long as his action *could* have been authorized by regulation, the conclusion is inescapable that no authority currently exists, statutory or regulatory, for the striking of abandoned applications where misconduct has occurred.

Defendant contends that he does indeed have such broad power, reasoning that he cannot give himself authority by regulation which he does not already possess. Presumably, defendant is alluding to the principle of administrative procedure established in *SEC v. Chenery Corp.*, 332 U.S. 194, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947), which recognizes that an agency has the discretion to proceed by general rule or by individual ad hoc litigation. *See also, e.g., American Federation of Government Employees, Local 2303 v. Federal Labor Relations Authority*, 815 F.2d 718 (D.C. Cir.1987). However, the facts of this case do not present an instance where broad administrative discretion to act on an ad hoc basis is appropriate. Unlike those situations postulated by the Supreme Court in *Chenery*, this is not a case where the problem could not be reasonably foreseen, or where the agency has not had sufficient experience with the problem to warrant issuing a rule, or where the problem is so specialized and varying in nature to be impossible to capture in a rule. *See SEC v. Chenery Corp.*, 332 U.S. at 202–03, 67 S.Ct. at 1580–81. To the contrary, this is a case where the agency had previously developed a rule to deal with the identical situation, and where the agency on its own initiative recognized the inadequacy of striking as a measure to sanction applicants for misconduct. In sum, the Court does not agree that the Commissioner has broad residual power to strike the abandoned application in the absence of specific statutory or regulatory authority.

Finally, the Court notes that Rule 56(c) provides specific authority for the striking of applications in a limited number of instances. 37 C.F.R. § 1.56(c). The striking of applications for inequitable conduct is not among those narrowly prescribed instances, and it would wreak havoc on the plain language of the regulation to read in a general authority for the Commissioner to, on his whim, expand the categories of instances where striking is an available sanction. If the agency had intended striking to apply to abandoned applications involving inequitable conduct, it could have easily amended Rule 56(c) to so state at the same time that Rule 56(d) changes were promulgated. It is not for the Court to rewrite regulations to effect a policy change desired by the agency; administrative regulations cannot be construed to mean what an agency might have intended but did not adequately express. *L.R. Willson & Sons, Inc. v. Donovan*, 685 F.2d 664 (D.C.Cir.1982).

The Court therefore finds that the Commissioner was without authority to strike plaintiff's abandoned application, and that the '836 application must be reinstated to the patent office files. As plaintiff has prevailed on this issue, there is no need to reach the question of whether defendant properly considered Air Products' cure of the inequitable conduct found in *Driscoll v. Cebalo, supra.* Accordingly, it is this 30th day of September 1988

ORDERED that plaintiff's motion for summary judgment be and it is hereby granted; and it is further

ORDERED that defendant's motion for summary judgment be and it is hereby denied; and it is further

ORDERED that plaintiff's United States Patent application Serial No. 037,836 be and it is hereby reinstated to the patent office files.

---

rived, however, from a validly promulgated regulation which specifically authorized striking of an application as a sanction for inequitable conduct. *Id.* at 791. No such regulation is in effect to support the Commissioner's action in this case.