## BROWN *v.* WILLIAMS ET AL.

No. 97–5370.  Decided October 20, 1997

PER CURIAM.

*Pro se* petitioner Carson Lynn Brown seeks leave to proceed *in forma pauperis* in order that he may file a petition for a writ of certiorari to the United States Court of Appeals for the Sixth Circuit, which dismissed his appeal after he failed to pay the required filing fee.

We deny petitioner leave to proceed *in forma pauperis.* He is allowed until November 10, 1997, within which to pay the docketing fee required by this Court's Rule 38(a) and to submit his petition in compliance with Rule 33.1.  For the

1

reasons discussed below, we also direct the Clerk of the Court not to accept any further petitions for certiorari in noncriminal matters from petitioner unless he first pays the docketing fee required by Rule 38(a) and submits his petition in compliance with Rule 33.1.

Petitioner has a history of abusing this Court's certiorari process. In 1994, we invoked Rule 39.8 to deny petitioner *in forma pauperis* status. *Brown* v. *Brown*, 513 U. S. 1040 (1994). Undeterred by this action, petitioner has continued filing frivolous petitions with this Court. To date, petitioner has filed eight petitions over the last eight years, each of which has been denied without recorded dissent. In the instant petition, Brown alleges that certain prison officials conspired to violate his constitutional rights by, *inter alia*, denying him access to the courts and sabotaging his laundry, and that the District Judge below was biased against him as an "African Jew." These claims are patently frivolous.

We enter this order barring prospective *in forma pauperis* filings by petitioner for the reasons discussed in *Martin* v. *District of Columbia Court of Appeals*, 506 U. S. 1 (1992) *(per curiam)*. Because petitioner has limited his abuse of the certiorari process to noncriminal cases, we limit our sanction accordingly.

*It is so ordered.*

JUSTICE STEVENS, dissenting.

For reasons previously stated, see *Martin* v. *District of Columbia Court of Appeals*, 506 U. S. 1, 4 (1992), and cases cited, I respectfully dissent.