Ramos v. State of New Hampshire        CV-00-136-M    08/10/00

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


<u>Israel Ramos</u>


   v.                                        Civil No. 00-136-M
                                          Opinion No. 2000 DNH 179
<u>State of New Hampshire, et al.</u>


### REPORT AND RECOMMENDATION

Before this court is <u>pro</u> <u>se</u> plaintiff Israel Ramos who has
filed suit against the State of New Hampshire, Hillsborough
County Attorney Peter McDonough, Assistant Hillsborough County
Attorney Kristen Wilson, and Grand Jury Foreperson Cheri
Campbell.  Ramos alleges the defendants violated his civil rights
by discriminating against him and violating principles of double
jeopardy in bringing felony charges against him after a state
District Court judge made a finding of "no p[robable] c[ause]" at
a preliminary hearing[1].  As Ramos is proceeding <u>pro</u> <u>se</u> and <u>in</u>

---

[1]Ramos also contests his continued incarceration on bail
despite the state District Court clerk's notification to the
Hillsborough County House of Correction that the District Court
was no longer holding him.  This charge is more properly raised
as a petition for a writ of habeas corpus than in a civil rights
lawsuit and will be addressed in the body of this Report and
Recommendation.

forma pauperis, the complaint is currently before me for preliminary review. See United States District Court for the District of New Hampshire Local Rules ("LR") 4.3(d)(2). For the reasons stated below, I recommend that the complaint be dismissed. See 28 U.S.C. § 1915(e)(2)(B)(ii).

## Background

On December 1, 1999, complaint forms were sworn out against Israel Ramos in the Manchester District Court for two felony counts of sale of a controlled drug and a misdemeanor theft charge. On December 7, 1999, the Manchester District Court set bail on each felony in the amount of $20,000 and on the misdemeanor in the amount of $5000. Ramos was held at the Hillsborough County House of Correction. On December 13, 1999, Ramos appeared in the Manchester District Court for a probable cause hearing on the two felonies where the judge made a finding of "no p[robable] c[ause]" on each complaint due to the failure of the State to identify Ramos. On that date, the Clerk of the Manchester District Court notified the House of Correction by letter that Ramos was no longer to be held on the felonies as the matters had been disposed of with a finding of "no probable cause." Presumably, at that time, Ramos was still being held on

2

the misdemeanor which had not yet been resolved.

On December 16, 1999, the Hillsborough County Grand Jury returned three felony indictments against Ramos: two charges of sale of a controlled drug and one charge of sale of a counterfeit drug[2]. Each of these indictments was signed by the foreperson of the grand jury, Cheri Campbell, and Hillsborough County Attorney Peter McDonough. No other information regarding the current status of the felonies is provided by Ramos.

On January 20, 2000, the misdemeanor theft was scheduled for a bench trial in the Manchester District Court. On that date, a nolle prosequi was entered, dismissing the charge without prejudice[3]. On that date, the Manchester District Court Clerk's office notified the Hillsborough County House of Correction by letter that the misdemeanor had been "nol prossed" and that Ramos was no longer to be held on bail in regard to that charge.

---

[2]It is possible that the offense charged as a misdemeanor theft in the District Court could be brought as a sale of a counterfeit drug felony charge in the Superior Court as the common fact scenario of taking money for a substance which is not what it purports to be can fit both offenses.

[3]The back of the complaint indicates that the charge was going to be brought in the Superior court by the County Attorney. Although this had possibly already been done by the bringing of a sale of counterfeit drug charge, Ramos has not indicated in his complaint whether or not this has occurred.

3

Currently, Ramos' incarceration continues.  He has provided no further information regarding the status of charges against him in the Superior Court but complains of racial discrimination, subjection to double jeopardy, and his continued incarceration after the Manchester District Court's initial dismissal of all of the charges against him.  This Court, for the purposes of this review, will assume that Ramos has pending charges in the Hillsborough County Superior Court and that his continued incarceration is pursuant to those pending felonies[4].

## Discussion

In reviewing a pro se complaint, this Court is obliged to construe the pleading liberally.  See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe pro se pleadings liberally in favor of that party).  At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true.

---

[4]This is the only reasonable reading of the situation presented by Ramos in his complaint.  If, in fact, Ramos is not being held pursuant to the felonies, but is simply not being released from his District Court bail order, he would be well-advised to immediately file a petition for a writ of habeas corpus in the state court.  However, it is simply not reasonable for this Court to assume that that is the case.

4

See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that pro se pleadings are given fair and meaningful consideration. See Eveland v. Director of C.I.A., 843 F.2d 46, 49 (1st Cir. 1988). Dismissal of pro se, in forma pauperis complaints is appropriate if they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2)(B)(i), (ii) & (iii)(effective April 26, 1996). Even generously reading the complaint in favor of Ramos, I cannot find any claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

Ramos alleges that his current incarceration violates his right to be free from racial discrimination and his right to be protected from double jeopardy. A challenge to Ramos' incarceration would ordinarily sound in habeas corpus proceedings rather than in a civil rights lawsuit. Ramos' choice of defendants, however, seems to indicate that Ramos is claiming that his rights pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 1983

5

have been violated by the bringing of felony charges in the Superior Court, as that is the only possible conduct described in Ramos' complaint that is attributable to the named defendants.  I will address each of these claims in turn.

**1.    Illegal Continued Incarceration**

Habeas corpus is the exclusive avenue of relief for a state prisoner seeking release from confinement and any § 1983 claim seeking injunctive relief must be dismissed. <u>Heck v. Humphrey</u>, 512 U.S. 466, 480 (1994)(explaining <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973)("When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."))

Here, Ramos has not precisely stated what relief he seeks[5], but his complaint of continued incarceration despite letters from the Manchester District Court to the House of Correction appears to request that this Court either order his release or declare that his release should be effected.  To the extent that, in this

---

[5]Ramos requests only that this Court "investigate and review all issues."

way, Ramos contests his continued incarceration, he cannot proceed in this suit and must, instead, proceed with habeas corpus proceedings after properly exhausting his state court remedies. See 28 U.S.C. § 2254. Since there is no indication that any such proceeding has been initiated, much less concluded, in the state court, no challenge to Ramos' incarceration will be entertained by this Court at this time. To the extent, therefore, that Ramos challenges the fact or duration of his incarceration, I recommend the complaint be dismissed without prejudice.

Further, had Ramos filed a petition for a writ of habeas corpus rather than a civil rights lawsuit at this time, I would recommend dismissal of the action without prejudice on the ground that the abstention principles announced in Younger v. Harris, 401 U.S. 37 (1971), require this Court to reject pretrial habeas corpus petitions in order to avoid derailment of or interference with a pending state proceeding. In re: Justices of the Superior Court Department of the Massachusetts Trial Court, ___ F.3d ___ (1st Cir. July 3, 2000).

## 2. Racial Discrimination Claim

Ramos' complaint states that his rights pursuant to 42

7

U.S.C. § 1981[6] have been violated.  In bringing a § 1981 action, the plaintiff must plead and prove that the actions of the defendants were "intentionally discriminatory and racially motivated." Dartmouth Review v. Dartmouth College, 709 F.Supp. 32, 35 (D.N.H. 1989)(judgment affirmed by Dartmouth Review v. Dartmouth College, 889 F.2d 13 (1st Cir. 1989)); see also Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 53 (1990).  In order to sufficiently state a § 1981 claim, a plaintiff must outline the specific facts giving rise to an inference of discriminatory animus -- he must allege some facts that demonstrate that the race of the plaintiff was the reason for the defendants' actions. Id. at 36.  Without such a showing, a § 1981 action cannot be maintained. Id.

In addition to the facts discussed above, Ramos asserts in

---

[6]The relevant portion of 42 U.S.C. § 1981 provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

8

his complaint that he finds "grounds of discrimination" and "feels that he has been discriminated . . . [sic]." Even reading the complaint generously, as I must, see Ayala Serrano v. Lebron Gonzales, 909 F.2d at 15; Aulson v. Blanchard, 83 F.2d 1, 3 (1st Cir. 1996), I cannot find that Ramos has alleged any facts demonstrating that racially discriminatory animus, motivation, or intent was the cause of any conduct on the part of the defendants. I therefore recommend that, to the extent Ramos claims a § 1981 violation, his complaint be dismissed as failing to state a claim upon which relief can be granted. See 28 U.S.C. 1915(e)(2)(B)(ii).

**3.   Double Jeopardy Claim**

Ramos asserts in his complaint that he "has found cause of 'double jeopardy.'[sic]" Ramos did not specify exactly how the facts he outlined caused him to be subjected to double jeopardy, but, construing the pleading liberally, I assume Ramos is contesting the validity of his felony charges in Superior Court because the District Court found no probable cause on the charges and released him on those charges prior to indictment.

If a state district court has jurisdiction to render verdicts only in misdemeanors, and its power in a felony case is

9

limited to a determination of probable cause to bind the accused over for prosecution in the Superior Court, the district court's decision not to bind the accused over to Superior Court does not constitute "jeopardy." Lemieux v. Robbins, 414 F.2d 353, 354 (1st Cir. 1969); United States ex rel. Rutz v. Levy, 268 U.S. 390 (1925).  Therefore, prosecution in Superior Court is not "double jeopardy" as the accused has not been twice placed in jeopardy for the same offense.

Here, the Manchester District Court's jurisdiction in the face of a felony charge is limited by statute to the issue of probable cause. See N.H. R.S.A. 502-A:11; State v. Stevens, 121 N.H. 287 (1981); Benton v. District Court, 111 N.H. 64 (1971). Therefore, Ramos was never placed in jeopardy by that court's preliminary consideration of the charge.  The district court's failure to find probable cause has no bearing on that determination.  Therefore, to the extent Ramos complains of a

violation of his right not to be twice placed in jeopardy for these offenses, I recommend the complaint be dismissed.

4. **Immunity**

a. **State of New Hampshire, Hillsborough County Attorney Peter McDonough and Assistant**

10

**Hillsborough County Attorney Kristen Wilson**

Under 42 U.S.C. § 1983, a prosecutor is entitled to absolute immunity from suit for conduct associated with his or her prosecutorial function. Kalina v. Fletcher, 522 U.S. 118, 128 (1997)(prosecutor's conduct in connection with preparation and filing of charging documents protected by absolute immunity); Imbler v. Pachtman, 424 U.S. 409, 431 (1976)(absolute immunity for prosecutor's conduct in the initiation of prosecution). Further, it is well-settled that the Eleventh Amendment bars suits against state entities and state agents working in their official capacities unless the state has expressly waived immunity, which has not been done by New Hampshire for actions brought pursuant to 42 U.S.C. § 1983. See Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993)(Eleventh Amendment bars all suits in federal court against states or their agencies); Will v. Michigan Dept. of State Police, 492 U.S. 58, 71 (1989)(holding that § 1983 does not override the Eleventh Amendment and that the state is not a person within the meaning of § 1983).

Ramos has sued the State of New Hampshire and two state prosecutors.  Although McDonough's name appears on the

11

indictment, Assistant County Attorney Wilson's does not. However, I will assume that Attorney Wilson played some role in the prosecution of this matter[7]. Because the only conduct alleged that is attributable in any way to these defendants is related to the actual bringing of felony charges in the Superior Court, I find they are absolutely immune from this suit and recommend the complaint be dismissed in its entirety as it stands against the State of New Hampshire, Hillsborough County Attorney Peter McDonough, and Assistant Hillsborough County Attorney Kristen Wilson.

### b.    Grand Jury Foreperson Cheri Campbell

Grand jurors acting within the scope of their duties enjoy immunity from suit in this country. See Imbler v. Pachtman, 424 U.S. at 422-423; Cleavinger v. Saxner, 474 U.S. 193, 200 (1985); Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 433 fn. 8 (1993). As there is nothing more soundly within the scope of the duties of a grand juror than returning a felony indictment, I find that Ms. Campbell is immune from suit and recommend that the

---

[7]Ramos does not mention Wilson at all in the body of his complaint except to name her as a defendant.

12

complaint, as it stands against her, be dismissed.

<u>Conclusion</u>

For the reasons set forth above, I recommend that this complaint be dismissed in its entirety for failing to state a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii); LR 4.3(d)(1)(B)(i).  If approved, the dismissal will count as a strike against the plaintiff under 28 U.S.C. § 1915(g).

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  <u>See</u> <u>Unauthorized Practice of Law Committee v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:

cc:      Israel Ramos

13