James H. JOHNSON, Individually and as Personal Representative of the Distributees of the Estate of William H. Johnson, Deceased, Plaintiff–Appellant,

v.

The SMITHSONIAN INSTITUTION and Michael Rosenfeld Gallery, Inc., Defendants–Appellees.

No. 00–7205.

United States Court of Appeals, Second Circuit.

Feb. 16, 2001.

M. Eugene Gibbs, Silver Spring, MD, for appellant.

Peter R. Stern, Berger Stern & Webb, New York, NY, for appellees.

Present JACOBS, CALABRESI, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from orders of the United States District Court for the Southern District of New York (Constance Baker Motley, *J.*), it is hereby

ORDERED, ADJUDGED AND DE-CREED that the orders of the district court are AFFIRMED.

Plaintiff James H. Johnson appeals from orders of the United States District Court for the Southern District of New York (Constance Baker Motley, *J.*) dismissing his case against the only remaining defendant-appellant, Michael Rosenfeld, for lack of diversity jurisdiction, *Johnson v. Smithsonian Inst.*, 80 F.Supp.2d 197 (S.D.N.Y. 2000), and denying a variety of post-dismissal motions including a motion seeking relief for an alleged fraud on the court.

Plaintiff asserts claims on behalf of the estate of his uncle, artist William H. Johnson, purportedly as an officially-designated representative of that estate. Plaintiff's complaint questions the legitimacy of the chain of events by which the Smithsonian Institution (in 1967) and the Rosenfeld Gallery (in the 1980s and 1990s) acquired Johnson's works. In a prior proceeding, plaintiff's claims against the Smithsonian Institution were dismissed on the ground that the claims had not been brought within the time period required by the Federal Tort Claims Act. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189–90 (2d Cir. 1999) (*Johnson I*). This Court in *Johnson I* remanded plaintiff's claims against the Rosenfeld Gallery and, because the Smithsonian Institution was dismissed from the case, instructed the district court first to determine whether it had diversity jurisdiction over such claims. *Johnson I*, 189 F.3d at 187.

"An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile." *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir.2000). Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir.1998) (internal quotation marks omitted). Here, there is no dispute that the Rosenfeld Gallery, a New York corporation, is a New York citizen. As for Johnson, under the diversity jurisdiction statute, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2). The complaint alleges that William H. Johnson, the decedent, was born in South Carolina, went to art school in New York and Massachusetts, moved from New York to Denmark in 1946, was deemed to be mentally incompetent and sent back to the United States in 1947, and was involuntarily committed to a New York hospital from December 1, 1947 until his death in New York in 1970. Perhaps due to his status as a mental incompetent

during his final years in New York, the complaint specifically alleges that "[a]t the time of his death Johnson was a domiciliary of Denmark."

It is well-settled that "[a] suit by or against United States citizens domiciled abroad may not be premised on diversity." *Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 68 (2d Cir.1990). Thus, because the complaint alleges that William H. Johnson was a United States citizen domiciled in Denmark at the time of his death, and because a representative of the artist's estate is deemed for diversity purposes to have the citizenship possessed by the decedent, the district court correctly found that no diversity jurisdiction existed to form the jurisdictional basis for plaintiff's lawsuit. Nor, alternatively, would the artist's various connections to New York be of any help to plaintiff, since a finding of New York domicile would make the case a suit between citizens of the same state and consequently non-diverse.

We note that after the remand from the Second Circuit in *Johnson I,* plaintiff made a new claim that was not in the complaint—that the artist was actually domiciled in South Carolina at the time of his death. This new allegation is belied not only by the complaint itself, but also by the fact that plaintiff had specifically stated in a 1997 South Carolina probate court application seeking appointment as the estate's representative that *"Decedent was not domiciled in South Carolina,* but property of Decedent was located in this county at date of death." (emphasis added). While plaintiff's attorney in October 1999—one month after the district court, on the remand from *Johnson I,* ordered the parties to file briefs on the issue of diversity jurisdiction—requested and received permission from the South Carolina court to amend plaintiff's application to allege South Carolina as the artist's domicile, the district court was correct to hold that "an uncontested order granting a party leave to amend an application in no way purports to be a final ruling on the merits of the assertions made by the party in that application."

We therefore hold that, because plaintiff presented no evidence to the district court supporting a domicile other than Denmark or, possibly, New York, the January 2000 orders of the court dismissing the case for lack of diversity jurisdiction are AFFIRMED. In addition, after carefully reviewing plaintiff's post-judgment motions, particularly his motions alleging fraud on the court, we find the arguments presented therein to be without merit. Accordingly, the April 3, 2000 order of the district court denying such motions is also AFFIRMED. Finally, we note that, by separate orders, we have also denied the various motions filed by the parties in the course of this appeal.