[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13252
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cv-00075-MMH-TEM


M. EUGENE GIBBS,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
Justice Department, Labor Department,
DOES 1 - 100,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 17, 2013)

Before CARNES, HULL, and JORDAN, Circuit Judges.

PER CURIAM:

M. Eugene Gibbs, proceeding pro se, appeals the district court's dismissal of his second amended complaint as well as the district court's denial of his motion to amend his complaint and the grant of the defendants' motion to stay the requirement that the parties file a case management report.[1]  Gibbs is a former attorney who was disbarred in 2002.  His briefs and other submissions to this Court are generally incoherent and consist mainly of rambling tirades against certain government officials and other prominent individuals.[2]  We endeavor in this opinion to parse out the legal contentions Gibbs has raised in order to resolve the issues presented.

## I.

Gibbs filed suit against the United States, various government agencies, and "Does, 1-100," alleging that:  (1) the Department of Labor improperly suspended or denied his disability benefits, administered under the Federal Employment Compensation Act (FECA), and improperly held the pre-recoupment hearing over the telephone; (2) the Department of Defense, Gibbs' former employer, retaliated

---

[1] In the Notice of Appeal, Gibbs purports to appeal eighteen other orders issued by the district court, but he has made no arguments concerning those orders to this Court, so any challenges to those orders are abandoned.  Marek v. Singletary, 62 F.3d 1295, 1298 (11th Cir. 1995) ("Issues not clearly raised in the briefs are considered abandoned.").

[2] For example, Gibbs asserts: "The actions by Appellees, dilutes and/or destroys the right to vote Blacks have fought and died for.  Appellees, using the knowledge that Congressman John Lewis' (D-Ga) wealth is based on art stolen from Clark Atlanta University: and Fisk, Hampton, Morgan State, Tuskegee, and Howard Universities, control the Congressional Black Caucus, and Black public figures such as, William "Bill" Cosby, Oprah Winfrey and Julian Bond . . ."

against him after he complained about its misuse of funds; (3) the Department of Labor negligently failed to protect him after he complained about the DOD's misuse of funds; (4) various government employees conspired to deny him FECA benefits and otherwise harm him; and (5) the defendants violated the Racketeer Influenced and Corrupt Organizations (RICO) Act.  Gibbs appears to believe that all of the actions allegedly taken against him stem from his representation of William H. Johnson's estate in a lawsuit where he alleged that Johnson's family was illegally deprived of Johnson's art upon his death.  That case has been decided, Johnson v. Smithsonian Institution, 4 F. App'x 69 (2d Cir. 2001) (unpublished), and the issues involved in it are not before us, but Gibbs' briefs to this Court are filled with extreme accusations related to that case, which Gibbs describes as "the largest art conspiracy in history."  Gibbs contends that government officials have "sought and secured [his] destruction" because of his participation in the case.

On its own motion, the court struck Gibbs' first complaint, finding that it constituted "impermissible shotgun pleading," and it instructed him to file an amended complaint consistent with its order or face dismissal of his lawsuit. Gibbs filed a first and then a second amended complaint and later filed a motion for leave to further amend his complaint, which was denied.  The defendants filed

3

a motion to dismiss Gibbs' second amended complaint.[3]  Before ruling on that motion, the district court ordered the parties to show cause why the case should not be dismissed for their failure to file a case management report.  Both Gibbs and the defendants timely responded to the court's show cause order.  The defendants moved to stay the filing of the report until the court resolved their motion to dismiss.  The court granted the defendants' motion to stay, recognizing that Gibbs opposed the motion and the opposition period had not yet run, but concluding that the defendants' motion to stay was due to be granted.  The court then dismissed Gibbs' second amended complaint with prejudice, concluding that it did not have subject matter jurisdiction over Gibbs' FECA benefits, retaliation, and negligence claims, and that his conspiracy and RICO allegations failed to state a claim.  This is Gibbs' appeal.

## II.

The court dismissed three of Gibbs' claims on the grounds that it lacked subject matter jurisdiction over them.  We review de novo the district court's dismissal of claims for lack of subject matter jurisdiction.  See Dalrymple v. United States, 460 F.3d 1318, 1324 (11th Cir. 2006).  Gibbs contends that the court should not have sua sponte dismissed any claims for lack of subject matter jurisdiction.  That contention is incorrect.  See Cadet v. Bulger, 377 F.3d 1173,

---

[3] The defendants' motion was filed on behalf of the United States, the Department of Labor, the Department of Justice, and the Department of Defense.

1179 (11th Cir. 2004) ("Federal courts are obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking.") (quotation marks omitted).

Gibbs' first allegation involved the disability benefits he received under FECA. The Office of Workers' Compensation Programs (OWCP) determined that Gibbs had been overpaid, finding that he misrepresented and concealed business activity while he was receiving benefits. Gibbs was given the opportunity for a pre-recoupment hearing, and he requested an oral hearing. On the request form, he was given the option of a telephonic (instead of an in-person) hearing: "If OWCP deems your case suitable for teleconference and you are open to this option, please check here." Although Gibbs did not check that option, he was given a telephonic, instead of an in-person, hearing. He did not participate in the telephonic hearing or provide an explanation for his failure to do so. The OWCP ruled against him. He appealed that decision to the Department of Labor's Employee Compensation Appeals Board, which affirmed. Gibbs challenged that decision in the district court, which dismissed his claim based on lack of subject matter jurisdiction.

"The Secretary [of Labor] is authorized to administer and decide all questions arising under FECA. Under the authority granted in [5 U.S.C.] § 8145(2), the Secretary has delegated responsibility for administering FECA to the Director of the OWCP." Noble v. U.S., 216 F.3d 1229, 1234 (11th Cir. 2000) (citations omitted). A decision of the OWCP generally is not subject to judicial

5

review.  See 5 U.S.C. § 8128(b); Woodruff v. U.S. Dept. of Labor, Office of Workers Compensation Program, 954 F.2d 634, 637 (11th Cir. 1992).  A court may exercise jurisdiction to review the OWCP's decision under FECA only if it violates a "clear statutory mandate or prohibition" or the Constitution.  Woodruff, 954 F.2d at 639.

Telephonic hearings are specifically permitted by the OWCP regulations and do not require the claimant's consent.  See 20 C.F.R. § 10.615 (2012) ("Initially, the claimant can choose between two formats: An oral hearing or a review of the written record.  At the discretion of the hearing representative, an oral hearing may be conducted by telephone, teleconference, videoconference or other electronic means.").  The decision to give Gibbs a phone hearing did not violate a statutory mandate.  Although Gibbs contends that the phone hearing violated his constitutional due process rights, it did not.  He was given notice and opportunity for a hearing before recoupment.  See Mathews v. Eldridge, 424 U.S. 319, 333, 96 S.Ct. 893, 902 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.") (quotation marks omitted).  The district court correctly concluded that it lacked subject matter jurisdiction over that claim.

Gibbs also argues that the DOD, his former employer, retaliated against him by demoting him after he filed a complaint alleging that it was misusing employee

6

travel funds.  The Civil Service Reform Act "specifically lists reprisal for whistleblowing as a prohibited personnel practice."  Ferry v. Hayden, 954 F.2d 658, 661 (11th Cir. 1992) (citing 5 U.S.C. § 2302(b)(8)(A)).  The remedies provided for in that Act are a government employee's exclusive remedies when challenging a federal personnel action taken against him, and the Act precludes judicial review.  Stephens v. Dep't of Health and Human Servs., 901 F.2d 1571, 1575–76 (11th Cir. 1990).  Therefore, the district court lacked jurisdiction over Gibbs' claim and correctly dismissed it.[4]

Gibbs also contends that the DOL had a duty to protect him after he reported that the DOD had misused funds.  He claims the DOL was negligent because it failed to protect him from numerous harms done to him by various government employees, including an Assistant United States Attorney who allegedly caused Gibbs' medical records to be stolen from his psychiatrist.  The FTCA is "a specific, congressional exception" to the United States' sovereign immunity.  Suarez v. United States, 22 F.3d 1064, 1065 (11th Cir. 1994).  Before suing the United States under the FTCA, a claimant must exhaust the required administrative remedies.  28 U.S.C. § 2675(a).  If a party files a lawsuit in a district court before filing an administrative claim and exhausting the statutory administrative remedies,

---

[4] The district court was also correct in noting alternatively that it lacked jurisdiction over Gibbs' retaliation claim because he failed to establish or even allege that he had properly exhausted his administrative remedies.  See Ferry, 954 F.2d at 661.

7

the suit is premature and the district court lacks subject matter jurisdiction over the action.  Turner ex rel. Turner v. United States, 514 F.3d 1194, 1200 (11th Cir. 2008).  Gibbs has not filed anything showing or even alleging that he exhausted his administrative remedies.  The district court was therefore correct to conclude that it lacked subject matter jurisdiction over Gibbs's negligence claim.

### III.

The district court dismissed Gibbs' remaining claims under 12(b)(6) because he failed to state a claim upon which relief could be granted.  "We review de novo the district court's grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, accepting the factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff."  D.P. ex rel. E.P. v. Sch. Bd. of Broward Cnty., 483 F.3d 725, 728 (11th Cir. 2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citation and quotation marks omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

Gibbs alleges that certain prominent people, including Representative John Lewis and Bill Cosby, conspired to steal art from the family of William H. Johnson, Gibbs' former client.  Patiently parsing Gibbs' confusing allegations, the district court concluded that Gibbs was attempting to proceed under 42 U.S.C. § 1985(3) by alleging a civil rights conspiracy.  To state a claim under § 1985(3), a plaintiff must allege: (1) a conspiracy; (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy (4) resulting in an injury to person or property, or a deprivation of any right or privilege of a citizen of the United States.  Childree v. UAP/GA AG CHEM, Inc., 92 F.3d 1140, 1146-47 (11th Cir. 1996).  The district court correctly found that Gibbs' allegations do not include any facts that would support an inference that the defendants agreed to act in order to deprive Gibbs of any rights.

Gibbs also alleges under the Racketeer Influenced and Corrupt Organizations Act (RICO) that the defendants furthered their conspiracy to steal art from Gibbs' former client by harming Gibbs in various ways, including having him disbarred and destroying his health.  To state a civil RICO claim, a plaintiff must allege (1) a civil violation of 18 U.S.C. § 1962; (2) injury to business or property; and (3) that the violation caused the injury.  Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991) (citing 18 U.S.C. § 1964(c)).  The district court correctly found

9

that Gibbs' digressive accusations about the psychological and mental damage caused by the defendants is insufficient to allege that defendants violated § 1962.

IV.

The district court denied Gibbs' motion to amend his complaint because he failed to attach a proposed amended complaint and because it was unclear what cause of action he sought to assert. We review a district court's decision to deny a motion to amend only for an abuse of discretion. Hall v. United Ins. Co. of America, 367 F.3d 1255, 1263 (11th Cir. 2004). A district court "may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." Id. Gibbs' failure to articulate a viable claim in his second amended complaint and his failure to attach a proposed amended complaint to his motion to dismiss show the futility of granting him leave to amend his complaint again.[5] The district court did not err in denying his motion.

Nor did the court err in granting the defendants' motion to stay the filing of a case management report until a ruling was entered on their motion to dismiss Gibbs' second amended complaint. The court entered the order granting the stay without allowing Gibbs time to respond to the motion. After the court entered the

---

[5] Gibbs argues to this Court that his "uncontroverted affidavit" is evidence that he should have been permitted to amend his complaint. That affidavit does not include any relevant information that the district court did not already have before it. It contains nothing more than a reiteration of Gibbs' general accusations.

10

order, Gibbs filed a motion entitled "Plaintiff's Emergency Amended Opposition to the Defendants' Motion to Stay the Case Management Report." That motion, like all of Gibbs' submissions to the court, consisted mainly of extreme allegations against the government and various individuals (including that he was falsely arrested and tortured and that a "John Doe" had hacked into his computer); it utterly failed to advance any arguments as to why the court should have denied the defendants' motion to stay. "[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling." Johnson v. Bd. of Regents of Univ. of Ga., 263 F.3d 1234, 1269 (11th Cir. 2001). We review the court's ruling only for an abuse of that discretion. Id. at 1243. Gibbs has failed to articulate either to the district court or to this court even one reason why the court should have denied the stay.

## V.

The district court was commendably patient and thorough in sifting through the wild accusations and incredible stories contained in every document that Gibbs submitted to the district court. We have tried to approach this case with the same thoroughness and have endeavored to understand and address all the arguments Gibbs raised before us. Any other arguments he may have intended to make in this appeal are waived because they have not been clearly raised or adequately argued. See Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998).

11

**AFFIRMED.**